526 A.2d 1263

Ray Lambert, Sr., Petitioner *v.* Workmen's Compensation Appeal Board (Reitz Coal Company and Old Republic Companies), Respondents.

Argued March 24, 1987, before Judges MACPHAIL and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Blair V. Pawlowski,* with him, *Timothy P. Creany,* for petitioner.

*Paul E. Sutter, Tillman* & *Thompson,* for respondents.

OPINION BY JUDGE DOYLE, June 12, 1987:

Ray Lambert Sr. (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's award of occupational disease benefits to Claimant for partial disability from coal worker's pneumoconiosis. We reverse.

On August 20, 1982, Claimant, a retired coal miner, filed a petition seeking occupational disease benefits for total or partial disability from coal worker's pneumoconiosis under Section 108(q) of The Pennsylvania Workmen's Compensation Act (Act).[1] Notice of his in-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(q). Section 108(q) was added by Section 1 of the Act of October 17, 1972, P.L. 930.

tention to file a claim was given to his last employer, Reitz Coal Company (Employer), on August 16, 1982. The referee found that Claimant first knew of his disability on August 13, 1982, and that notice to Employer was therefore timely under Section 311 of the Act.[2] The referee then found that Claimant suffered a partial disability from coal worker's pneumoconiosis as of August 3, 1982, and awarded him benefits.

Employer appealed, and the Board reversed. The basis for the Board's decision was the unappealed decision of a referee in an earlier claim petition filed by Claimant. On May 7, 1981, Claimant had filed a petition alleging disability from coal worker's pneumoconiosis as of April 21, 1981. Notice of Claimant's intention to file the claim was given to Employer on May 6, 1981. The referee in that case made two findings of consequence: He found that Claimant was informed by his physician of his disease and disability more than 120 days before he gave notice to Employer and, therefore, his claim was barred under Section 311 of the Act, and he also expressly found that Claimant was neither permanently nor partially disabled from his disease.

In the instant case resolving Claimant's second application for benefits, the Board reversed the referee's decision awarding benefits on the ground of res judicata, stating that "a dismissal of a petition on the basis of lack of notice bans all future petitions on that disease." Claimant petitions this Court for review.

Section 311 of the Act states:

Unless the employer shall have knowledge of the occurence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within

---

[2] 77 P.S. §631.

twenty-one days after the injury, no compensation shall be due until such notice be given, and, *unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed*. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not know to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. *The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease.*

(Emphasis added). 77 P.S. §631. In cases of occupational disease, it is well-settled that the 120-day period within which an employee must give an employer notice of his claim does not begin to run until the employee (1) has knowledge or constructive knowledge; (2) of a *disability;* (3) that exists; (4) that results from an occupational disease; and (5) that has a possible relationship to this employment. *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 74, 407 A.2d 117 (1979). The Board held that because the referee in Claimant's first claim petition found that Claimant did not give Employer notice within 120 days of being informed by his doctor that he had coal worker's pneumoconiosis and was disabled thereby, Claimant was thereafter barred by res judicata from ever again filing a claim based on that disease.

In coming to this conclusion, however, the Board overlooked a critical aspect of the first referee's decision, *i.e., that Claimant was neither permanently nor partially disabled by his disease.* Section 311 of the Act and

the cases decided thereunder make it clear that the notice period begins to run only when a claimant knows or has constructive knowledge of his *disability* resulting from an occupational disease. It follows that, if a claimant is determined *not* to be disabled from an occupational disease, he could not inform his employer of his disability and the statutory notice period could not have begun to run.

Moreover, that the referee in the first claim petition found that Claimant had not given Employer timely notice under Section 311 of his disease does not collaterally estop Claimant from filing a second claim.[3] Collateral estoppel only operates in a subsequent action between identical parties to a prior action to bar re-litigation of those factual issues that (1) are identical; (2) were actually litigated; (3) were essential to the judgment; and (4) were "material" to the adjudication. *Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Co.),* 88 Pa. Commonwealth Ct. 76, 488 A.2d 1177 (1985); *McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 300 A.2d 815 (1973); *see generally,* A. Barbieri, Pennsylvania Workmen's Compensation, §6.19(6)(b) (1985). The first referee's determination of untimely notice was not essential to the judgment on the first claim petition since he had determined that Claimant was not disabled. Accordingly, the first referee's finding could not collaterally estop Claimant from establishing that he first knew of his disability from coal worker's pneumoconiosis on August 13, 1982.

---

[3] In its decision, the Board used the term "res judicata" as the reason for reversing the award of benefits. Res judicata is a generic term encompassing two distinct doctrines: technical res judicata and collateral estoppel. *Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Co.),* 88 Pa. Commonwealth Ct. 76, 488 A.2d 1177 (1985). Given the context in which the Board used the term, it is clear that it meant collateral estoppel.

570

In light of the foregoing, the order of the Board is reversed.

ORDER

Now, June 12, 1987, the order of the Workmen's Compensation Appeal Board, No. A-87597 dated September 30, 1985, is reversed.