527 A.2d 209

John J. Thomas, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (Kawecki Berylco Industries Inc.), Respondents.

Argued April 23, 1987, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

594

Bart E. Ecker, Laputka, Bayless, Ecker & Conn, P.C., for petitioner.

Sean P. McDonough, with him, Hugh F. Mundy, Marianne C. Smith, and Patrick E. Dougherty, Dougherty, Mundy & Leventhal, for respondent.

OPINION BY JUDGE DOYLE, June 12, 1987:

John J. Thomas, Jr. (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision that had awarded Claimant benefits for total disability under Section 108(n) of The Pennsylvania Workmen's Compensation Act (Act).[1] We reverse.

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §27.1(n). Section 108(n) was added by Section 1 of the Act of October 17, 1972, P.L. 930. Section 108(n) is a "catch-all" section providing benefits for occupational diseases not otherwise specifically enumerated; it provides in pertinent part:

(n)  All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population.

Claimant was employed as a beryllium worker by Kawecki-Berylco Industries, Inc. (Employer) from 1960 until November 29, 1979. During the course of his employment, Claimant was exposed to numerous chemicals while on the job.[2] It was also found that Claimant smoked cigarettes for nearly 40 years. On June 19, 1981, Claimant filed a petition for compensation under Section 108(a) of the Act, 77 P.S. §27.1(a), alleging disability from May 22, 1981 as a result of beryllium poisoning, and gave notice contemporaneously to Employer. The petition was later amended to reflect a claim under Section 108(n), the omnibus provision under the Act for occupational diseases.

Before the referee, Claimant testified that he knew he had a breathing problem in 1979, and subjectively thought it was caused by exposure to beryllium.[3] The referee, however, found as a fact that Claimant was *not* disabled due to berylliosis. Instead, relying on the testimony of Claimant's physician, the referee concluded that Claimant suffered from chronic pulmonary fibrosis and emphysema, the aggravation of which by exposure to various workplace chemicals rendered him totally and permanently disabled as of May 20, 1981, and awarded Claimant benefits.

---

[2] The referee found that Claimant was exposed to the following chemicals during his employment: ethylene dibromide; perchlorethylene; ammonia; nitric acid; sulfuric acid; hydrochloric acid; bromine; hydrogen sulfide, beryllium powder; gas from beryllium oxide; asbestos; and beryllium fluoride.

[3] His testimony on cross-examination was as follows:

Q. In 1979, Mr. Thomas, you were aware you had a breathing problem, were you not?

A. Definitely.

Q. Were you aware of what was causing those problems?

A. Definitely.

Q. What was that?

A. Berryllium, [sic] I thought it was.

On appeal, the Board reversed the referee. The Board reasoned that, since Claimant knew he had a disabling breathing problem in 1979 that he attributed to beryllium exposure, the 120-day notice period under Section 311 of the Act[4] began to run at that time. Accordingly, because Claimant did not give Employer proper notice, the Board concluded that his claim was barred. Claimant petitions this Court for review.

The issue on appeal is: Did Claimant's subjective belief that he was disabled from an occupational disease begin the running of the 120-day notification period under Section 311 of the Act when a referee subsequently finds as a fact that Claimant was *not* disabled from the disease at the time of Claimant's subjective belief?

Based on our recent decision in *Lambert v. Workmen's Compensation Appeal Board (Reitz Coal Co. and Old Republic Cos.)*, 106 Pa. Commonwealth Ct. 565, 526 A.2d 1263 (1987), we are constrained to reverse the Board. In *Lambert,* we stated that, under Section 311:

---

[4] 77 P.S. §631. This Section states:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease.

the notice period begins to run only when a claimant knows or has constructive knowledge of his *disability* resulting from an occupational disease. It follows that, if a claimant is determined *not* to be disabled from an occupational disease, he could not inform his employer of his disability and the statutory notice period could not have begun to run.

*Lambert,* slip op. at 3-4 (emphasis added in part). In *Lambert,* the claimant's own doctor had informed the claimant that he was disabled because he had coal workers' pneumoconiosis. Nevertheless, the referee in the claimant's first application for benefits found that the claimant was neither partially nor totally disabled from his disease. In reversing the Board in an appeal emanating from the claimant's second claim petition, where the Board held that lack of notice was a bar to the claimant's petition, we held that the claimant's subjective belief, even if based upon the advice of his doctor, was not sufficient to hold that the claimant had constructive knowledge of his disability, if in fact he was not disabled.

Because the referee here found that Claimant was not disabled from berylliosis in 1979, Claimant was not required to provide Employer with any notice at that time. The referee did find, however, that Claimant was disabled as of May 20, 1981 from aggravation of chronic pulmonary fibrosis and emphysema due to exposure to assorted chemicals at work, and it is undisputed that Claimant gave notice to Employer within 120 days of this date. Accordingly, the Board erred in reversing the referee's decision.

Reversed.

### Order

Now, June 12, 1987, the order of the Workmen's Compensation Appeal Board, No. A-86605 dated December 8, 1985, is reversed.