Manojkumar D. Patel, Petitioner *v.* Workmen's Compensation Appeal Board (Sauquoit Fibers Company and Penna. Mfg. Assn. Insurance Co.), Respondents.

Submitted on briefs November 9, 1984, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Manojkumar D. Patel,* petitioner, for himself.

*Kathleen A. Lenahan, Lenahan & Dempsey, P.C.,* for respondent, Sauquoit Fibers Company.

Opinion by Judge Doyle, March 4, 1985:

This is an appeal of the decision and order of the Workmen's Compensation Appeal Board (Board) determining that Manojkumar D. Patel's (Claimant's) second petition to set aside a final receipt is barred by the doctrine of res judicata and denying Claimant's request for a de novo hearing or a rehearing.

Claimant sustained a work related ankle injury on October 12, 1975 and received workmen's compensation benefits from March 23, 1976 through July 18, 1976. On July 19, 1976 Claimant returned to work and on October 20, 1976 he signed a final settlement

receipt. Two days later, Claimant was laid off until October 22, 1977. Meanwhile, in the summer of 1977 Claimant had filed a claim petition apparently under Section 301(a) of The Pennsylvania Workmen's Compensation Act[1] (Act) alleging a twenty-five per cent permanent disability arising from his October 12, 1975 injury. Because Claimant had signed a final receipt the referee properly treated the petition as one to set aside that final receipt. At the hearing the referee heard testimony regarding both Claimant's ankle injury and the presence of tuberculosis in the injured ankle area. The referee found, however, that Claimant had not met his burden of establishing that all disability due to Claimant's injury had not in fact terminated. The Board and this Court, on January 23, 1981, affirmed that decision. *Patel v. Sauquoit Fibers Co.*, 56 Pa. Commonwealth Ct. 279, 424 A.2d 621 (1981). Prior to the issuance of that decision by this Court, however, the Claimant, on May 10, 1979, again petitioned for a hearing, this time under Section 301(c)(2)[2] and Section 108[3] of the Act (pertaining to occupational diseases) alleging partial disability due to the tubercular condition in his ankle. Claimant further alleged that the date his disability began was on October 12, 1975 (the date of his ankle injury). On October 5, 1981 a referee accepted written evidence from Claimant over the employer's objections, but did not take any oral testimony. The referee subsequently determined that Claimant was, in actuality, merely attempting to bring the same claim again and thus dismissed the petition citing the principle of res judicata as the reason for his deter-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §431.

[2] 77 P.S. §411(2).

[3] Added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1.

mination. Claimant argued to the Board that the doctrine of res judicata was not applicable because he was now seeking recovery under Sections 301(c)-(2) and 108 of the Act for his tuberculosis, rather than under Section 301(a) for the ankle injury. The Board, however, noted that the referee in Claimant's prior hearing had considered the tuberculosis claim (although Claimant's 1977 petition did not mention tuberculosis) and had concluded that the tuberculosis was not work related. The referee's Conclusion of Law number 3 stated:

> [t]hat any disability the claimant alleges he may suffer is due to the residual effects of tuberculosis of the bone in the right ankle as a result of which [sic] interferes with his walking pattern. That said condition is non-work related and the claimant is not disabled as a result of this condition.

Therefore, the Board affirmed the referee's decision and denied Claimant's request for either a de novo hearing or a rehearing. This appeal ensued.

Preliminarily, we note that the generic term res judicata encompasses two separate doctrines: "technical res judicata" and "collateral estoppel". For technical res judicata (or simply res judicata) to apply there must be a concurrence of four conditions:

> (1) Identity in the thing sued upon or for;
> (2) Identity of the cause of action;
> (3) Identity of persons and parties to the action;
> (4) Identity of the quality or capacity of the parties suing or sued.

*McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 617, 300 A.2d 815, 820 (1973). The thrust of Claimant's argument here is that a cause of action alleging a non-occupational disease

injury under Section 301(a) is different than one brought under Sections 301(c)(2) and 108 alleging an "injury" due to an occupational disease. We must agree.

> An identity of causes of action exists when in both the prior and the subsequent proceedings subject matter and the ultimate issues are the same . . . . Res judicata applies not only to matters which were actually litigated, but also to those matters which should have been litigated . . . . (Citation omitted.)

*Armco Steel Corp. v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 195, 199-200, 431 A.2d 363, 365 (1981). An occupational disease injury defined under Section 108 has different elements of proof than does a claim for an injury which is not an occupational disease. Had Claimant elected to pursue a claim under Section 108(m), wherein tuberculosis is a specifically enumerated disease, he would need to show that he was employed in one of several statutorily recognized occupations involving exposure to tuberculosis. Had Claimant brought his claim under Section 108(n), he would need to demonstrate: 1) his exposure to the disease by reason of employment, 2) a causal relationship between his disease and his industry or occupation, and 3) an incidence of that disease substantially greater in his industry or occupation than in that of the general population. No such factual elements would need to be proven in a non-occupational injury under Section 301(a) generally. Thus, the ultimate issues under Section 301(a) on the one hand and 108 on the other are not the same. We therefore believe that the doctrine of technical res judicata is not applicable.

What is applicable, in our view, however, is the doctrine of collateral estoppel (or res judicata in its

broad sense). This doctrine states that where particular questions of fact essential to the judgment are actually litigated and determined by a final valid judgment, the determination is conclusive between the parties in any subsequent action on a different cause of action.

> Where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel in the second action only as to those matters in issue that (1) are identical; (2) were actually litigated; (3) were essential to the judgment (or decree, as the case may be); and (4) were "material" to the adjudication.

*McCarthy,* 7 Pa. Commonwealth Ct. at 619, 300 A.2d at 820-21.

In our view, it is clear that the tubercular condition was known at the time of the first hearing. There was testimony on that specific subject presented by Claimant's own medical witness during direct examination. Moreover, as already noted, *the referee specifically concluded that Claimant's tuberculosis was not a work related condition.* As Commissioner Muir wrote in the Board's affirmance "[w]hether the injury was in the form of a sprained ankle or an alleged occupational disease is of no moment as *both* types of injuries were dealt with and fully adjudicated in the proceedings on Claimant's first petition. . . ." (Emphasis added.) While Claimant essentially argues that the testimony with respect to the tuberculosis was not as thoroughly developed as Claimant would have liked, it is clear that it was Claimant's *burden* to present clear and convincing evidence which would have justified setting aside the final receipt. *Kerchner v. Materials Transport Service, Inc.,* 29 Pa. Commonwealth Ct. 589, 372 A.2d 51 (1977). His

failure to meet this burden or to pursue fully all theories of recovery which were then viable does not entitle him to a new hearing. Therefore, because the question of whether Claimant's tuberculosis was work related has been determined already and because once this issue was raised, it was essential for the referee to consider it in order to determine whether Claimant sustained his burden of establishing that all disability *due to his work related injury* had ceased, we hold that Claimant is now barred from further action on this matter by the doctrine of collateral estoppel, or res judicata in its broad sense.

With respect to Claimant's request for a new hearing, the Board under Section 425 of the Act[4] has discretion in such matters. Where Claimant did nothing more than resubmit papers which were part of the earlier action, refusal to grant a new hearing or a rehearing was not an abuse of discretion.

We note that Claimant has made other allegations, *i.e.,* that he was fraudulently induced or coerced into signing his final receipt and that, contrary to the referee's finding in the initial petition, he has suffered a loss of earning power. The first of these factors would have been properly raised in the first petition to set aside the final receipt. We note that Claimant has not alleged after-discovered evidence or extrinsic fraud. The second of these factors was determined in the initial hearing and this Court found that substantial evidence existed to justify the referee's finding. It will not now be disturbed.

Having found that Claimant is barred by the doctrine of collateral estoppel we need not consider the employer's contention that the statute of limitations has run. The decision of the Board is affirmed.

---

[4] 77 P.S. §856.

ORDER

Now, March 4, 1985, the decision and order of the Workmen's Compensation Appeal Board in the above captioned matter No. A-83494 dated September 16, 1983 is hereby affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.