645 A.2d 310

Stephen CROUSE, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(PENNSYLVANIA LIQUOR CONTROL
BOARD), Respondent.

Stephen CROUSE, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (P.L.C.B.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted Feb. 25, 1994.

Decided June 21, 1994.

Stephen Crouse, for petitioner.

J. Michael Doherty, for respondent.

## PER CURIAM OPINION.

Stephen Crouse (Claimant) appeals orders of the Workmen's Compensation Appeal Board dismissing Claimant's petitions for review, modification, reinstatement, and to set aside a final receipt.

### *Historical Facts*

Claimant suffered an injury to his back in May 1976 during the course of his employment as a clerk in a liquor store,

owned and operated by the Pennsylvania Liquor Control Board (Employer). Claimant received total disability benefits pursuant to an agreement between Claimant and Employer by notice of compensation payable dated June 17, 1976. On April 19, 1978, Employer filed a petition for termination of benefits alleging that Claimant had recovered from his injury as of April 7, 1978. Hearings were held and the referee found that, although Claimant had returned to work for a few hours on December 21, 1977, Claimant remained totally disabled.

Employer again filed a termination petition on August 8, 1985, alleging that Claimant had recovered from his injuries as of July 29, 1985. Hearings were held, and the referee found that Claimant had recovered from his injury and that Employer had sustained its burden of proof for terminating Claimant's disability benefits. Claimant appealed this decision to the Board, and to this Court. We affirmed. *Crouse v. Workmen's Compensation Appeal Board (Pennsylvania Liquor Control Board)* (2031 C.D.1987, filed September 7, 1988) (per curiam) (*Crouse I* ).

Claimant petitioned for reinstatement on October 14, 1988. The referee and the Board denied Claimant's petition. Claimant appealed to this Court and we affirmed. *Crouse v. Workmen's Compensation Appeal Board (Pennsylvania Liquor Control Board)* (329 C.D.1990, filed February 11, 1991) (*Crouse II* ).

### Facts of the Present Appeal

On June 28, 1991, and July 10, 1991, Claimant, acting *pro se,* filed petitions for reinstatement against Employer. The cases were originally assigned to Referee John F. Kenney, but were reassigned to Referee Persifor Oliver on September 20, 1991. A hearing was held on October 17, 1991, and the referee advised Claimant that he could not relitigate issues that had already been heard and decided, but he could present evidence which proved that he was disabled currently, and that his disability was caused by his work related injury. Claimant presented medical evidence which was not admitted because it was deemed hearsay. The hearing was continued to allow

Claimant to take the deposition of his treating physician, Dr. Samuel Sarraf.

A second hearing was held December 20, 1991, wherein the merits of a third petition, a petition to modify, review, reinstate or set aside final receipt, filed by Claimant were consolidated with the other two petitions. The referee found this petition similar to the other two because it also reviewed Claimant's worker's compensation history since his 1976 injury.

At the second hearing, instead of providing a deposition, Claimant attempted to introduce only a report of Dr. Sarraf; the report was not admitted because it was hearsay. The referee then concluded that because Claimant had failed to introduce admissible medical evidence which would prove he is currently disabled, Claimant is, therefore, not entitled to reinstatement.

The referee also noted that the petitions for reinstatement "provide a narrative of the problems [Claimant] perceives he has had with his employer since his initial work injury on May 18, 1976." Finding of Fact No. 3. By a decision dated April 1, 1992, he found that Claimant's other issues were barred by the doctrine of res judicata, citing without elaboration our decisions in *Crouse I* and *Crouse II*. Claimant appealed to the Board which affirmed the referee's order. Claimant's appeal to this Court was docketed at 730 C.D.1993.

Claimant subsequently filed other petitions for reinstatement, review, and to set aside final receipt. These petitions were heard and Referee Oliver issued decisions on January 26, 1993, and March 17, 1993. The referee, in both decisions, concluded that the petitions raised the same issues which were already addressed and decided by the April 1, 1992 decision. Claimant appealed to the Board. Consolidating the appeals, the Board affirmed the referee. Claimant filed two appeals from this order. Those appeals, docketed at 2167 C.D.1993 and 2168 C.D.1993, were consolidated for our review with his former appeal, 730 C.D.1993.

## Discussion

The single issue raised by Claimant in all of the appeals is whether or not he received a fair hearing before Referee Oliver on his petitions for reinstatement, modification, and to set aside final receipt. After a painstaking review of the record and our previous opinions, we must conclude that Claimant was provided a full and fair hearing and that no error was made.

■ As this Court has explained to Claimant twice before in our 1988 and 1991 opinions, our standard of review is very limited. We can only review errors of law, constitutional violations, and whether the referee's findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

■ The Board found that Claimant failed to sustain his burden of proving that he was entitled to reinstatement of his disability benefits after they had been terminated. Claimant had the burden of proving that his disability had increased and the burden to establish a causal connection between his current condition and the prior work-related injury. *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990).

■ The only new evidence presented by Claimant was a report of his doctor. Employer objected to the report on the basis that it was hearsay evidence. Hearsay is an out-of-court statement, either oral or written, which is offered to prove the truth of the matter asserted. Leonard Packel & Anne Bowen Poulin, *Pennsylvania Evidence*, § 801 (1987). Hearsay evidence, properly objected to cannot support a finding of fact. *Gallick v. Workmen's Compensation Appeal Board (Department of Environmental Resources, Bureau of Human Resources Management)*, 108 Pa.Commonwealth Ct. 617, 530 A.2d 945 (1987). Therefore, the referee was correct to refuse to admit Claimant's medical evidence. Since no other evidence was presented, Claimant's petition for reinstatement was properly denied.

■ The referee found that all of the other issues raised by Claimant, relating to his termination in 1985, had already been litigated, and were therefore barred by res judicata. We have held that:

> An identity of causes of action exists when in both the prior and the subsequent proceedings *subject matter and the ultimate issues are the same....* Res judicata applies not only to matters which were actually litigated, but also to those matters which should have been litigated.... (Citations omitted.)

*Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Co.)*, 88 Pa.Commonwealth Ct. 76, 80, 488 A.2d 1177, 1179 (1985) (quoting *Armco Steel Corp. v. Workmen's Compensation Appeal Board*, 60 Pa.Commonwealth Ct. 195, 199–200, 431 A.2d 363, 365 (1981)) (emphasis added).

Claimant essentially (1) argues that his benefits were improperly terminated in 1985, because the referee's decision was fraudulent, and (2) he alleges he never received a hearing on the petition. These identical issues and evidence have been decided before and therefore further consideration is precluded. *Patel.*

In 1988, we stated that:

> The claimant also denies that the referee held a hearing on the claimant's case on November 25, 1985, as noted in the referee's finding of fact.... We first note that the claimant did not raise [this] alleged procedural [defect] before the board, and therefore failed to preserve [this issue] for review by this court. We also note that the claimant's attorney, Mr. Thomas Anton, entered his appearance at the November 25, 1985 hearing.... [1]

Throughout his brief, the claimant has made a variety of accusations against his attorney, the referee, the employer's

1. We note that Claimant contended then, and contends now that he was not personally in attendance at that hearing, and presented an affidavit of Mr. Anton stating that Claimant was not present at the hearing. However, Claimant does not contend that he did not receive proper notice of the hearing; whether he himself was actually there or not is immaterial. *See Gallick.*

attorneys, members of the board, and Dr. Smith. The brief identifies no substance to support any of the accusations.

Our review of the record reveals that the referee's findings of fact were supported by substantial evidence, and the referee's decision to grant the employer's petition to terminate benefits was correct as a matter of law.

*Crouse I,* slip op. at 4–5. Claimant again raised the same argument in *Crouse II* where we wrote:

After the November 25, 1985 termination hearing where Employer presented the report of its medical expert Dr. Jack D. Smith, and Claimant, represented by counsel, presented reports of his physicians Drs. Catalano and Sarraf, the referee determined that Claimant had fully recovered from his disability. Claimant appealed to the Board which affirmed the referee's decision. Thereafter, Claimant petitioned for review before this Court which affirmed the Board's decision. . . . This Court also noted that Claimant's argument that the referee did not hold a termination hearing on his case was a procedural defect which had not been raised before the Board, and therefore Claimant had not preserved the issue for appellate review before this Court. . . . Thus, Claimant has been afforded the opportunity to litigate the issues surrounding termination of any and all compensation awards and will not be allowed by these proceedings to relitigate this issue.

*Crouse II,* slip op. at 5. Thus, we have previously decided the issues raised by Claimant concerning the termination of his benefits in 1985; we will not do so again.

Claimant makes numerous accusations of wrongdoing on the part of various people who have been involved in this case over the years, *i.e.,* the referee's order terminating his benefits in 1985 was "forged," medical reports were "tampered," and misfeasance by referees. These issues too have been raised previously, and dismissed for lack of substantiating evidence. *Crouse I,* slip op. at 4 and *Crouse II,* slip op. at 7 n. 3. We may not consider these arguments absent evidence in the

240

record. Claimant cannot make bald accusations and insist that others substantiate his claims.

Affirmed.

## *ORDER*

NOW, June 21, 1994, the orders of the Workmen's Compensation Appeal Board in the above-captioned matters are hereby affirmed.