**FLORENCE MINING COMPANY,**
**Petitioner,**

v.

**WORKMEN'S COMPENSATION**
**APPEAL BOARD (McGINNIS),**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 28, 1997.

Decided March 26, 1997.

Phyllis T. Procopio, Pittsburgh, for petitioner.

James J. Conte, Greensburg, for respondent.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

PELLEGRINI, Judge.

Florence Mining Company (Employer) petitions for review of the March 4, 1996 decision and order of the Workmen's Compensation Appeal Board (Board) which affirmed the order of a Workers' Compensation Judge (WCJ) that Employer pay $1,765 of outstanding physical therapy bills incurred by Colin McGinnis (Claimant).

Claimant was injured during the course of his employment as a roof bolter when, on November 26, 1990, he was struck by a falling segment of rock and sustained injuries to his right shoulder, right knee and neck. Surgery was performed on Claimant's shoulder in February of 1993 by Don Lowry, M.D., an orthopedic surgeon, after which Dr. Lowry prescribed post-operative physical therapy once daily for a two-week period, to be followed by therapy at intervals of two to three times per week thereafter. Therapy was performed at the Western Pennsylvania Sports Medicine and Rehabilitation Clinic (Provider).[1]

Employer filed a termination petition and a petition for review of medical bills, in which it alleged that Claimant was capable of returning to his prior and unrestricted employment with Employer. During the pendency of the proceedings before the WCJ, Employer filed an Initial Request for Utilization Review (UR), pursuant to the 1993 amendments to the Workers' Compensation Act commonly known as "Act 44",[2] requesting

---

1. Dr. Lowry is an orthopedic surgeon who has no affiliation with and receives no benefit from referrals made by him to Provider.

2. Act of June 2, 1915, P.L. 736, 306(f.1), *as amended* by the Act of July 2, 1993, P.L. 190, 77 P.S. § 531(6).

review of the reasonableness or necessity of physical therapy treatments rendered by Provider from February 16, 1994 through March 14, 1994. In support of that request, Employer indicated that an independent medical examiner stated on October 29, 1993, that treatment was no longer necessary. Employer also alleged that Dr. Lowry had stated that it would be reasonable for Claimant to continue to exercise at a local gym rather than pursue formal, weekly physical therapy with Provider. No evidence was presented that Dr. Lowry's opinion was conveyed to either the Claimant or Provider prior to March 14, 1994. The Utilization Review Organization (URO) issued its decision on June 14, 1994, that physical therapy on or after February 16, 1994, was not reasonable or necessary for Claimant's work-related injury sustained on November 26, 1990. No appeal of that determination was taken.

As to the merits of the petitions for termination and review of medical bills, the WCJ found that based on the credible testimony of Dr. Lowry, Claimant had fully recovered from his knee injury, but remained disabled due to his right shoulder injury and was entitled to continuing benefits for total disability. Prior to making his determination in the underlying case, the WCJ was advised that a UR request had been made by Employer, and that the URO determined that physical therapy treatment provided to Claimant on and after February 16, 1994, was not reasonable or necessary. Nonetheless, the WCJ ordered that a $1,765 balance for physical therapy services deemed by the URO to be unreasonable and unnecessary be paid.

■ Employer appealed to the Board, contending that the WCJ was without jurisdic-

tion to order payment of the physical therapy bills incurred after February 16, 1994, because there was an unappealed URO determination that physical therapy on or after that date was neither reasonable nor necessary. Nonetheless, the Board affirmed because, while Employer was aware that less expensive alternate methods of treatment could be pursued, this was not conveyed to Provider or Claimant.[3] This appeal followed.[4]

Two issues are involved in this appeal. First, Claimant contends that Act 44 does not apply to medical bills which were under review and for injuries sustained prior to the August 31, 1993 effective date of the Act. Next, Employer, as before the Board, again contends that the unappealed UR determination was binding on the WCJ, so that he was without jurisdiction to order the payment of medical expenses previously deemed unreasonable and unnecessary by the URO.

■ As to whether Act 44's provisions relating to URO procedures apply when petitions for termination and for review of medical bills have been filed prior to the effective date of the Act, in *Keystone Coal Mining v. Workmen's Compensation Appeal Board (Wolfe)*, 673 A.2d 418 (Pa.Cmwlth.1996), in considering a different section of Act 44, Section 204 of the Act, we set out in what circumstances Act 44's provisions could be retroactively applied. We noted, at least as to substantive changes, that "Section 26 of Act 44 strongly implies that Act 44's provisions are *not* to be retroactively applied", based on the language of that Section that "[n]o changes in indemnity compensation payable by this act shall affect payments of indemnity compensation for injuries sustained prior to the effective date of this section." *Id.* at pp. 420–421. However, we

---

3. The Board concluded that Employer's request for a URO determination could not relieve it of liability for bills for services already rendered, since all bills at issue predated Employer's UR request. Though Employer's initial request for UR was not filed until April 12, 1994, in that request, Employer alleged that it had not received the medical reports for the bills at issue (from February 16, 1994 until March 14, 1994) until April 7, 1994, so that, according to the regulations promulgated under the Act, 34 Pa.

Code § 127.404(a), its appeal was timely filed for the treatment dates at issue.

4. Our scope of review of a decision of the Board is limited to a determination of whether constitutional rights were violated, errors of law were committed, or whether the necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704; *Vazquez v. Workmen's Compensation Appeal Board (Masonite Corporation)*, 687 A.2d 66 (Pa.Cmwlth.1996).

went on to hold that where the application of a statute is merely procedural and does not alter any substantive rights, it may, nonetheless, be retroactively applied. Because, in *Keystone*, we found Section 204 to be substantive, we declined to apply it retroactively.

Conversely, Section 306(f.1)(6), setting forth the procedure for review of medical bills, is clearly procedural in nature. All this provision does is implement the procedure by which the reasonableness and necessity of medical bills can be reviewed immediately. Because the section providing the procedure for review of medical bills is not substantive but procedural, the UR provisions apply retroactively, even to cases filed prior to the Act for medical bills incurred after August 31, 1993, which includes bills for treatment rendered by Provider.[5]

■ Because Act 44's UR procedures apply, the issue becomes whether a WCJ is without authority to consider an unchallenged URO determination. Act 44 provides that a challenge to the reasonableness and necessity of treatment is to be raised in a request for UR that will be submitted before a URO, not directly before a WCJ. *Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery)*, 677 A.2d 1314 (Pa.Cmwlth.1996), *petition for allowance of appeal denied*, 546 Pa. 657, 684 A.2d 558 (1996). The Act and implementing regulations provide the following procedure:

● Initially, an employee, employer or insurer may request review [6] of the reasonableness or necessity of treatment provided by a health care provider. Section 306(f.1)(6)(i).

● That review will be undertaken by a utilization review organization (URO), which will issue a written report of its findings within thirty days of the request. Section 306(f.1)(6)(ii).

● If the determination of the URO is disagreed with by the provider, employer, employee or insurer, then any of those parties has the right, within thirty days of receiving the determination, to file a request for reconsideration. Section 306(f.1)(6)(iv).[7]

● And, if any party subsequently disagrees with the determination rendered upon reconsideration, a petition for review may be filed and the case assigned to a WCJ. 34 Pa.Code § 127.551.

● If, after following the proper appellate procedures, a UR request reaches the WCJ stage, and the underlying case in chief has not yet been resolved, UR petition will, if possible, be assigned to the same WCJ. 34 Pa.Code § 127.553(b).

■ Under this scheme, if a challenge is to be made to a UR determination, a petition for reconsideration must be filed and then a petition for review. Like in other situations where failure to take an intermediate administrative appeal precludes further review (*see Holloway v. Lehman*, 671 A.2d 1179 (Pa. Cmwlth.1996)), the effect an unappealed determination of the URO has, then, is that all parties are bound by it and the WCJ is without authority to alter that determination, unless a petition for review has been filed.

Because Claimant and Provider failed to pursue their administrative remedies by filing a petition for reconsideration from the initial UR determination, they are not able to challenge the effect of such determination before the WCJ in the underlying case. Because no appeal was taken from the initial UR determination, any question as to whether that determination was correct, based on the facts and evidence of the instant matter,

---

5. Moreover, as to what medical bills Act 44 applies to, the Bureau of Workers' Compensation, in a Notice issued in Volume 23, Number 35 of the Pennsylvania Bulletin, 4185 et seq., takes the position that the new UR procedures will be applied to all medical expenses incurred after August 31, 1993, regardless of the date of injury. 23 Pa.Bull. 4185. We note that in his brief, Claimant specifically admits that, "[t]here is no question that had there not been a pending Termination Petition and/or Review Petition, a utilization review would have been appropriate un- der Act 44 for medical services rendered after August 31, 1993."

6. This review may be prospective, concurrent or retrospective. Section 306(f.1)(6)(i); 34 Pa.Code § 127.404(a), (b).

7. The Act of June 24, 1996, P.L., amended Section 306(f.1)(6)(iv), so that the request for reconsideration by the URO has been eliminated, and appeals from the initial URO determination are now taken directly to the WCJ.

was not before the WCJ, the Board, nor is it before this Court. As an unappealed determination, it is final and binding as to whether the treatment rendered was reasonable or necessary.[8] Accordingly, the decision of the Board is reversed and Employer is not liable for payment of the $1,750 bill for medical services rendered by and owed to Provider.

## ORDER

AND NOW, this 26th day of March, 1997, the decision and order of the Workmen's Compensation Appeal Board, dated March 4, 1996, is reversed.

---

**8.** Claimant raises several other arguments on appeal. He alleges that even if Act 44 does apply to treatment rendered by Provider, Claimant contends that UR is only applicable to those bills submitted to Employer after March 13, 1994, 30 days prior to Employer's filing its initial request for UR review. Claimant also argues that Employer should be estopped from asserting the UR determination as a bar to payment for two reasons. First, because Employer had been receiving physical therapy bills and notes from Provider for almost one year prior thereto and had been making payments accordingly. Second, because it was Employer who inquired to Claimant's physician regarding the availability of alternative treatment, and who was the only party notified on February 23, 1994, that alternative treatment could be pursued at the local YMCA in the form of an exercise program, so that it was incumbent upon Employer to notify Provider of the Doctor's recommendation. Because Employer did not notify Provider of such recommendation until March 14, 1994, but rather permitted Claimant to receive services from Provider, Claimant contends that Employer is estopped by its actions from relying on the UR determination. Because of the way in which we decided this opinion, these issues need not be reached.