**Leeann KROUSE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BARRIER ENTERPRISES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 20, 2003.

Decided Dec. 9, 2003.

Robert J. Muolo, Sunbury, for petitioner.

J. Casey Watson, Williamsport, for respondent.

BEFORE: PELLEGRINI, Judge, and COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge COHN.

In this case, we are asked to decide whether, under Workers' Compensation Appeal Board (Board) regulations, a Uti-

lization Review (UR) petition may be filed prior to a claimant filing a claim petition and, if so, whether the UR proceeding becomes moot upon the filing of the claim petition. We are also asked to determine whether a worker's compensation claimant can avoid application of the doctrines of res judicata and collateral estoppel to a request for medical benefits set forth in a Petition to Review Medical Treatment (Review Petition) where those same medical benefits have previously been deemed unnecessary and unreasonable in an *unappealed* UR decision.

The facts here are not in dispute. Leeann Krouse (Claimant) sustained a work-related injury in the nature of bilateral carpel tunnel syndrome on May 6, 1997, while in the employ of Barrier Enterprises, Inc. (Employer). Employer, thereafter, filed a UR request seeking review of treatment, testing and therapy performed by Dr. Michael Dunigan, D.C. (Provider) for the period from May 6, 1997 through August 22, 1997. This UR request pre-dated Claimant's filing of a claim petition. The UR determination found that the treatment was not reasonable and necessary. Claimant filed a petition to review this determination, but later withdrew it after the parties entered into an agreement that the bills would be paid. This UR proceeding is *not* at issue here.

On October 9, 1997, Employer filed a *second* UR petition, this time seeking a review of chiropractic treatments supplied by Provider for the period from September 12, 1997 forward. This UR request also pre-dated Claimant's filing of a claim petition. A determination was issued, finding the treatments were not reasonable and necessary. *Claimant did not appeal this decision.*

On November 3, 1997, Claimant filed her claim petition and a Workers' Compensation Judge (WCJ) granted disability benefits pursuant to an April 7, 1999 decision.[1] Then, two years after the decision, on April 27, 2001, she filed a Review Petition alleging that Employer was not paying her medical bills from September 12, 1997 forward. The WCJ treated this petition as a UR petition, granted Claimant's request, and ordered that medical bills incurred from Provider's treatment to be paid. Employer appealed.

On appeal, the Board granted Employer's supersedeas request and, then, reversed the WCJ. The Board determined that the WCJ should have dismissed the Review Petition because Claimant was seeking payment for the same medical treatment that was found not to be reasonable and necessary in the prior UR decision from which Claimant had not appealed. In reaching its decision, the Board relied on the principles of res judicata and collateral estoppel. It further stated that its regulations did not prevent Employer from filing a UR petition prior to the time Claimant had filed a claim petition.

Claimant appealed to this Court. On appeal, she maintains that the Board erred in construing Board Regulation 127.405, 34 Pa.Code § 127.405, to permit Employer to file its UR petition *prior to* the date her claim petition had been filed. She also contends that the principles of res judicata and collateral estoppel are not applicable to her case.

First, we examine Claimant's argument that Regulation 127.405 was erroneously applied by the Board in reaching its conclusion that Employer was not prohibited from filing its UR request prior to the time Claimant filed her claim petition. That Regulation provides:

> medical benefits to different doctors for different medical procedures.

1. In addition to finding that her injury was work-related, the WCJ, in that case, did grant

**UR of medical treatment in medical only cases**

(a) In **medical only cases,** when an insurer is paying for an injured worker's medical treatment but has not either filed documents with the Bureau admitting liability for a work-related injury nor has there been a determination to the effect, the insurer may still seek review of the reasonableness or necessity of the treatment by filing a request for UR.

(b) If the insurer files a request for UR in a **medical only case,** the insurer is responsible for paying for the costs of the UR.

(c) If the insurer files a request for UR in a **medical only case,** then the insurer shall be liable to pay for treatment found to be reasonable or necessary by an uncontested UR determination.

(Emphasis added.)

Claimant argued before the Board that, because the UR request had been filed prior to the time she filed her claim petition, Employer was prohibited from seeking a review of the necessity and reasonableness of her treatment for any injury that had not been recognized or accepted. The Board, noting that the Regulation allowed for the procedure utilized by Employer, disagreed.

■ Claimant asserts, on appeal,[2] that the WCJ was correct in determining that, when she filed her claim petition, her case could no longer be classified as "medical only," a term used in the Regulation and, accordingly, that any decision arising from the UR process was "rendered moot," regardless of whether the original filing of the UR request was proper. We disagree for two reasons. First, since the passage of Act 57,[3] it is clear that a WCJ never has original jurisdiction over issues concerning reasonableness and necessity. Nothing in Section 306(f.1)(6) of the Workers' Compensation Act,[4] which governs UR proce-

2. Our scope of review is limited to determining whether the factual findings are supported by substantial evidence and whether there has been an error of law or constitutional violation. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Florence Mining Company v. Workmen's Compensation Appeal Board (McGinnis),* 691 A.2d 984, 986 n. 4 (Pa.Cmwlth.1997).

3. Act of June 24, 1996, P.L. 350.

4. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531. That Section provides:

Except in those cases in which a workers' compensation judge asks for an opinion from peer review under section 420, disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

(ii) The utilization review organization shall issue a written report of its findings and conclusions within thirty (30) days of a request.

(iii) The employer or the insurer shall pay the cost of the utilization review.

(iv) If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report. The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1. The utilization review report shall be part of the record before the

dures, even remotely suggests that, if a claimant files a claim petition subsequent to an employer's filing of a UR request, the UR reviewer is divested of jurisdiction to act or the UR claim is somehow rendered moot. Second, we are persuaded by Employer's argument that the purpose of this Regulation is to encourage payment of medical bills in cases that are treated, at least initially, as medical only. Were insurers unable to avail themselves of the UR process, they might well be less inclined to pay, voluntarily, for medical treatment, thus, resulting in more litigation. The present system encourages payment of medical bills by providing insurers with a method to limit payments where they believe treatment becomes unnecessary and unreasonable. Therefore, we reject Claimant's theory that the mere filing of her claim petition rendered the UR proceeding moot.

■ Turning now to the question of whether Claimant's Review Petition is barred by the doctrine of res judicata, in *Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Co.)*, 88 Pa. Cmwlth.76, 488 A.2d 1177, 1179 (1985), *petition for allowance of appeal denied*, 515 Pa. 616, 530 A.2d 869 (1987), the Court observed that, for this doctrine to apply, there must be a concurrence of four conditions:

(1) Identity in the thing sued upon or for;

(2) Identity of the cause of action;

(3) Identity of persons and parties to the action;

(4) Identity of the quality or capacity of the parties suing or sued.

We also recognized that "[a]n identity of causes of action exists when, in both the prior and the subsequent proceedings the subject matter and the ultimate issues are the same.... Res judicata applies not only to matters which were actually litigated, but also to those matters which should have been litigated...." *Patel*, 488 A.2d at 1179.

Claimant asserts that element one, the identity of the thing sued upon, and element two, the identity of the causes of action in the UR and Review Petition proceedings, are not present here. She argues that when the UR decisions were entered the case was "medical only" and that the later filed claim petition concerned a "broader issue of coverage in general." (Claimant's Brief, p. 9.) However, in both proceedings, Claimant was suing for the same relief: the costs of her medical treatment from September 12, 1997 and ongoing. And, the ultimate issue was the same in both proceedings: whether Employer was required to pay for Claimant's medical treatment for the period from September 12, 1997 forward. We, therefore, disagree with Claimant that the first two elements are missing here, and hold that res judicata does bar the Review Petition.

■ However, even if res judicata did not preclude litigation of Claimant's Review Petition, collateral estoppel would. Under that doctrine, where particular questions of fact that are "essential to the judgment are actually litigated and determined by a final valid judgment, the determination is conclusive between the parties in any subsequent action on a different cause of action." *Patel*, 488 A.2d at 1179. However, "the judgment in the prior action operates as an estoppel in the second action only as to those matters in issue that (1) are identical; (2) were actually litigated; (3) were essential to the judg-

---

workers' compensation judge. The workers' compensation judge shall consider the

utilization review report as evidence but shall not be bound by the report.

ment (or decree, as the case may be); and (4) were 'material' to the adjudication." *Patel* (citing *McCarthy v. Township of McCandless*, 7 Pa.Cmwlth. 611, 300 A.2d 815, 820–821 (1973)).

Claimant argues that elements two and three are not met here. Specifically, she asserts that the issues presented in the UR proceeding were not actually litigated because, while the UR determination was pending, she filed her claim petition, and the mere act of filing that petition rendered the UR proceeding moot. As we explained earlier, we do not agree that the UR proceeding became moot. Since it is clear, under Section 306(f.1)(6)(iv), that only a UR reviewer has "original jurisdiction" to decide the question of reasonableness and necessity of medical treatment, the mere filing of the claim petition could not render that proceeding moot. To rule as Claimant suggests would require us to ignore completely the detailed UR procedures established in Section 306(f.1)(6) of the Act, which include, *inter alia*, a provision for appeal (within 30 days) to a WCJ from a UR reviewer's decision. The simple fact remains that the UR petition was properly filed and disposed of by a forum that had jurisdiction over the claim. It was, thus, final and binding. *Florence Mining Company v. Workmen's Compensation Appeal Board (McGinnis)*, 691 A.2d 984 (Pa.Cmwlth.1997). Claimant cannot later seek to avoid that unappealed decision by filing a claim petition.

Claimant further contends that, for collateral estoppel to apply, the facts litigated must be essential to the judgment and that that condition has not been met here. She bases this argument on her theory that the UR proceeding was rendered moot. In the UR proceeding, the reviewer determined that the medical treatment was unreasonable and unnecessary. This is the same medical treatment for which Claim-

ant sought reimbursement in the Review Petition proceeding. The reviewer's factual determination was essential to and, in fact, was the crux of the UR proceeding. Therefore, the collateral estoppel bar is correctly applied here.

Because we conclude that the UR determination was not rendered moot by the filing of a claim petition and because Claimant failed to appeal that UR decision and, hence, waived any right to challenge it, we affirm the Board's order.

### ORDER

**NOW,** December 9, 2003, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

CONCURRING OPINION BY Judge PELLEGRINI.

I concur with the result reached by the majority. However, I write separately to make clear that utilization review requests can only be filed after a claimant's injury has been recognized or accepted or after the insurer has begun paying for medical treatments.

Claimant sustained a work-related injury in the nature of bilateral carpal tunnel syndrome on May 6, 1997, while working for Barrier Enterprises, Inc. (Employer) as a glass cutter. Employer filed a utilization review request seeking the review of treatments rendered by Michael Dunigan, D.C. (Dr. Dunigan), a chiropractor, to Claimant from May 1, 1997 through August 22, 1997. The reviewer found that the treatments were neither reasonable nor necessary. Claimant filed a petition to review the utilization review determination but later withdrew it following an agreement between the parties that Claimant's bills would be paid.

On October 9, 1997, Employer filed a second utilization review request, this time seeking the review of bills which Employer and its insurer had refused to pay for chiropractic treatments rendered by Dr. Dunigan from September 12, 1997 forward. Once again, the reviewer found the treatments to be neither reasonable nor necessary. Claimant did not appeal this determination.

On November 3, 1997, Claimant filed a claim petition and a WCJ granted disability benefits. Then, on April 27, 2001, she filed a petition to review medical treatment (review petition) alleging that Employer had not paid her medical bills since September 12, 1997. The WCJ treated Claimant's review petition as a utilization review petition and ordered Employer to pay Dr. Dunigan's medical bills. Employer appealed to the Board, which granted Employer's supersedeas request. Relying on the principles of res judicata and collateral estoppel, the Board reversed the WCJ because Claimant was seeking payment for the same medical treatment that had been found to be neither reasonable nor necessary in the prior utilization review decision from which she had not appealed. The Board further stated that its regulations, specifically, Section 127.405 of the Medical Cost Containment Regulations, 34 Pa.Code § 127.405,[1] did not prohibit Employer from filing a utilization review request prior to the filing of Claimant's claim petition. Employer appealed to this Court.[2] Affirming the Board, the majority concludes that Claimant's claim petition did not render the prior utilization review proceeding moot or void *ab initio*, and that the review petition was barred by the principles of res judicata and collateral estoppel because it attempted to relitigate the prior unappealed utilization review determination.

Utilization review requests can only be filed after an injury has been recognized or accepted by the employer or after the insurer has begun paying for the medical treatments. Relying on 34 Pa.Code § 127.405, the Board found that although Employer filed its utilization review request prior to the filing of Claimant's claim petition, Employer was not prohibited from seeking review of the chiropractic treatments even though the injury had not yet been recognized or accepted. However, to the contrary, utilization review can only be conducted once an injury has been accepted, typically by an employer issuing a notice of compensation payable, by the granting of a claimant's claim petition or as provided under 34 Pa.Code § 127.405— once an insurer has begun *paying* for the medical treatment. In the case before us, however, none of those three instances

1. That section provides:
   **UR of medical treatment in medical only cases.**
   (a) In medical only cases, when an insurer is paying for an injured worker's medical treatment but has not either filed documents with the Bureau admitting liability for a work-related injury nor has there been a determination to the effect, the insurer may still seek review of the reasonableness or necessity of the treatment by filing a request for UR.
   (b) If the insurer files a request for UR in a medical only case, the insurer is responsible for paying for the costs of the UR.

   (c) If the insurer files a request for UR in a medical only case, then the insurer shall be liable to pay for treatment found to be reasonable or necessary by an uncontested UR determination.

2. This Court's scope of review is limited to determining whether the Board's decision is supported by the evidence, whether it committed an error of law or whether it violated Claimant's constitutional rights. 2 Pa.C.S. § 704; *Roman v. Department of Corrections,* 808 A.2d 304 (Pa.Cmwlth.2002).

occurred.[3] Because Claimant's injury had not been recognized nor her medical bills paid prior to Employer filing the utilization review request, the utilization review process was not available to Employer to review the reasonableness or necessity of Claimant's treatments. However, because Claimant never appealed the utilization review determination raising, as an affirmative defense, the issue that Employer had no right to avail itself of the utilization review process, it stands as a final order; therefore, I would still find that res judicata and collateral estoppel barred her review petition.

**3.** While Employer's utilization review request was filed as a "medical only" case, the insurer had never begun paying for Claimant's medical treatments in this case as required by 34 Pa.Code § 127.405, thereby allowing them to file a utilization review request without having admitted liability for the injury, e.g., a notice of compensation payable or having a determination to that effect, e.g., a WCJ decision granting a claim petition.