**Donna WILLIAMS, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SOUTH HILLS HEALTH SYSTEM), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 22, 2004.

Decided June 14, 2005.

---

Michael P. Petro, Pittsburgh, for petitioner.

Todd K. Foster, Pittsburgh, for respondent.

BEFORE: COLINS, President Judge, LEAVITT, J., and KELLEY, Senior Judge.

## OPINION BY Judge LEAVITT.

Donna Williams (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) that denied her petition to reinstate compensation benefits. In doing so, the Board reversed the decision of the Workers' Compensation Judge (WCJ) because his key findings were inconsistent with those made in a prior proceeding, the outcome of which was never appealed by Claimant, and, thus, were barred by the doctrine of collateral estoppel.

On March 18, 1997, Claimant suffered a work-related injury in the nature of a lumbosacral strain while working as a certified nursing assistant for South Hills Health System (Employer). Pursuant to a notice of compensation payable, Claimant was awarded compensation benefits.

On June 10, 1998, Employer filed a petition to terminate, asserting that Claimant had fully recovered from her work-related injury. A hearing was conducted by Workers' Compensation Judge Rosalia G. Parker (Judge Parker or WCJ).

In support of its termination petition, Employer presented the testimony of Patrick G. Ronan, M.D., a board-certified orthopedic surgeon. Dr. Ronan testified that a CAT scan of Claimant revealed a slight disc bulge at the L5–S1 level, but his physical examination of Claimant showed no evidence of a disc herniation. An MRI report mentioned "Schmorl's nodes" and minimal disc bulge, but Dr. Ronan explained that Schmorl's nodes are not clinically significant and that minimal disc bulges do not cause symptoms.[1] Further, Claimant's disc bulge was consistent with her age. Dr. Ronan opined that Claimant had recovered from her lower back muscle condition.

---

1. Indeed, Dr. Ronan believed Claimant's complaints of pain to be inconsistent with her

strain, which typically resolves within several weeks.

In response, Claimant testified that she continued to suffer constant low back pain that radiated down her right leg. In June of 1998, she began treating with Jon A. Levy, M.D., a board-certified orthopedic surgeon. In spite of his treatment, her continuing pain limited her ability to participate in recreational activities or to complete household chores.

In support of Claimant, Dr. Levy testified that he reviewed a 1998 CAT scan of Claimant's lumbar spine, which he admitted did not show a cervical disc herniation or significant disc degeneration. A 1998 myelogram and subsequent MRI showed a mild disc bulge at the L5–S1 level but with no significant neural compression. Dr. Levy opined that Claimant's condition was chronic, leaving her able to perform only light duty work.

On August 30, 1999, Judge Parker granted Employer's termination petition. In reaching this conclusion, the WCJ made several critical findings. First, the WCJ did not find Claimant's testimony credible about her physical limitations. Although Claimant complained of pain, the WCJ found that those complaints could not be objectively supported by either medical expert's physical exam. Second, the WCJ credited the opinion of Dr. Ronan that there were no objective findings to support Claimant's ongoing complaints; that Claimant had fully recovered; and that Claimant was able to return to her pre-injury job without limitations. The WCJ specifically credited Dr. Ronan's opinion that there was no evidence of disc herniation but only of a mild disc bulge consistent with Claimant's age. Third, although the WCJ rejected the opinion of Dr. Levy

that Claimant could not work,[2] Judge Parker noted that Dr. Levy's testimony, in many respects, supported Dr. Ronan's opinion. Dr. Levy agreed that Claimant had many normal findings upon physical examination; that there was no significant neural compression from a disc herniation; and that the tiny bulge at the L5–S1 level can be asymptomatic. In accordance with these findings of fact, Judge Parker concluded that Employer had sustained its burden of proof and terminated Claimant's benefits effective May 20, 1998. No appeal was taken from the WCJ's decision.

On April 26, 2001, Claimant filed a petition to reinstate benefits, asserting that her work-related injury had worsened as of September 10, 1999. On May 31, 2001, Employer filed an answer to the petition denying all of the material allegations raised therein. Hearings before Workers' Compensation Judge Nathan Cohen (Judge Cohen or WCJ) ensued.

In support of her petition, Claimant testified that the pain caused by her work-related injury has continued and worsened since September 10, 1999, the date of Judge Parker's decision to terminate benefits. Her right leg has continued to weaken. In July of 2000, Dr. Kandabarow performed a spinal fusion on Claimant because of the pain and her weakened right leg. After surgery, Claimant experienced more pain in her lower back, in addition to pain and spasms down her right leg. She testified that she cannot walk or stand long enough to work for Employer.

Claimant also presented the deposition testimony of Alexander Kandabarow, M.D., a board-certified orthopedic surgeon. Dr. Kandabarow explained that he evaluated Claimant on June 13, 2000, and

---

**2.** The WCJ explained that Dr. Levy's diagnosis of lumbar radiculopathy was based only on Claimant's subjective complaints of pain.

performed a provocative discogram by injecting the L5–S1 disc; this procedure reproduced her back and right leg pain. Dr. Kandabarow concluded that the disc had ruptured, and thus, he performed the spinal fusion surgery.[3] Dr. Kandabarow opined that the 1997 incident caused an injury or herniation to Claimant's disc at the L5–S1 level. He opined that Claimant cannot return to work because of her ongoing pain, lifting and bending limitations and because she has not worked for several years.

In response, Employer presented the testimony of Trenton M. Gause, M.D., a board-certified orthopedic surgeon. Dr. Gause testified that Claimant was capable only of light duty work as a result of the surgery to her back. However, he opined that Claimant's surgery was not related to her 1997 work-related injury. He testified that a lumbar strain resolves in six to ten weeks, and that the October 14, 1997, MRI indicated mild disc bulging, but no evidence of herniation. He opined that Claimant's lumbar strain was resolved and that her L5–S1 anterior fusion was not related to her work-related injury.

On January 29, 2003, Judge Cohen issued a decision in favor of Claimant based upon the testimony of Claimant and Dr. Kandabarow, both of whom he found credible. The WCJ noted that Dr. Gause agreed that Claimant had suffered a disc herniation that required a fusion; the WCJ rejected Dr. Gause's opinion that the herniation was unrelated to her March 18, 1997, injury. The WCJ concluded that Claimant had met her burden of showing that her back and leg condition had worsened. The WCJ rejected the notion that Judge Parker's findings in the termination proceeding barred his contrary findings of fact in the reinstatement proceeding. He

reasoned that collateral estoppel would apply to a challenge brought prior to September 10, 1999, the date of Judge Parkers' decision, but not thereafter. Accordingly, the WCJ reinstated Claimant's compensation benefits as of September 11, 1999.

Employer appealed to the Board. Employer argued that the WCJ erred because Claimant was collaterally estopped from seeking reinstatement based on an injury to her L5–S1 disc and that the WCJ's decision was not supported by substantial evidence. The Board agreed, explaining as follows:

> There is no dispute that WCJ Parker, in granting Defendant's earlier Termination Petition, found that Claimant's only injury was a muscular strain/sprain. WCJ Parker rejected the testimonies of Claimant and her medical witness that Claimant sustained anything more than a muscular strain/sprain, or that Claimant sustained a work related disc injury. Such unappealed, thus final, Decision between the parties acts as estoppel in the present matter because the issues are identical, that is, whether Claimant continued to experience ongoing complaints and whether she sustained more than a muscle strain/sprain, the issues were actually litigated and they were material and essential to the prior adjudication.
>
> Indeed, review of the record reveals Claimant is attempting to re-litigate the extent of her injury, including an averment of ongoing pain since the date of injury and an averment that she sustained more than a muscle strain/sprain on March 18, 1997. The Decision of WCJ Parker serves as collateral estoppel of the re-litigation here. Thus, it

3. Although the surgery was technically successful, Claimant continued to experience symptoms for which she was prescribed Oxycontin and pain management therapy.

was error for WCJ Cohen to grant Claimant's Petition.

Board Opinion issued 11/20/03 at 4–5 (citations omitted). Accordingly, the Board reversed the WCJ. Claimant then petitioned for this Court's review of the Board's order.

■ On appeal,[4] Claimant contends that the Board erred in determining that collateral estoppel precluded her from seeking the reinstatement of benefits. Second, she contends that there was substantial, uncontradicted evidence that her condition had worsened after her benefits were terminated.

■ We consider, first, whether the Board correctly applied the doctrine of collateral estoppel to bar the question of whether Claimant's disc herniation was work-related. Collateral estoppel acts to foreclose litigation in a later action of issues of law or fact that were actually litigated; were essential to the judgment; and material to the judgment. *Maranc v. Workers' Compensation Appeal Board (Bienenfeld)*, 751 A.2d 1196 (Pa.Cmwlth. 2000). As we have explained,

> where particular questions of fact essential to the judgment are actually litigated and determined by a final valid judgment, the determination is conclusive between the parties in any subsequent action on a different cause of action.

*Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Company)*, 88 Pa. Cmwlth.76, 488 A.2d 1177, 1179 (1985).

In granting Employer's termination petition in 1999, Judge Parker found, specifically, that Claimant's disc bulge was age-related and not work-related. Further, the WCJ found that Claimant's work-related injury was a lower back strain, involving only muscles, not a disc injury. Claimant did not appeal, which made the WCJ's decision a final order on the scope of Claimant's 1997 injury.

Judge Parker's determination on the scope of Claimant's injury was both necessary and essential to her decision on Employer's termination petition. In granting the termination petition, the WCJ determined that Claimant's March 17, 1997, work-related injury was limited to a muscle sprain that had fully resolved as of May 20, 1998. The WCJ made this factual finding by crediting the testimony of Dr. Ronan that Claimant had a mild disc bulge at the L5–S1 level, which was age-related, but not a disc herniation. It was necessary for the WCJ to make this finding because Claimant contended that she was disabled by this disc problem that, she asserted, was caused by her 1997 injury.

■ In the 2001 reinstatement petition, Judge Cohen made contrary findings. He concluded that Claimant had suffered an injury to the L5–S1 disc in the March 18, 1997, work accident.[5] The WCJ also found

---

4. This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

5. He did so by crediting the testimony of Dr. Kandabarow, who did not see Claimant until 2000. Notably, Dr. Kandabarow admitted

that he could not tell if Claimant's condition had worsened since March 18, 1997. Reproduced Record at 159–160. Where a claimant's benefits have been terminated on the basis of full recovery from the work-related injury, the claimant must prove that his or her disability has increased or recurred after the date of the prior award and that his or her physical condition has actually changed in some manner. *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990).

that Claimant has continued to feel *constant* pain since the 1997 accident. These same claims were asserted by Claimant in opposition to Employer's termination petition and rejected by Judge Parker.

In *Patel*, 488 A.2d at 1178, the claimant sought benefits for a tubercular condition in his ankle under Section 301(c)(2) and Section 108 (pertaining to occupational diseases).[6] Because it had been determined in a previous claim petition proceeding, brought by Claimant to set aside a final receipt, that the tuberculosis was not work-related, we held that the Claimant was barred from further action on this matter by collateral estoppel. This case cannot be distinguished from *Patel*. Claimant is seeking in her reinstatement petition to relitigate the question of whether her lower back disc problem was caused by work, when it has already been decided that it was not.

Claimant alleged that her condition had not resolved, and had continuously worsened since the injury on March 18, 1997. Her condition certainly changed, but it was not her 1997 lower back muscle strain that changed. In 1999, Judge Parker considered the condition of Claimant's spine at the L5–S1 level, and found that Claimant's disc bulge was not work-related but age-related. Claimant's remedy was to appeal the grant of Employer's termination. She did not. Claimant is now collaterally estopped from relitigating this material fact in the reinstatement petition.[7]

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 14th day of June, 2005, the order of the Workers' Compensation Appeal Board dated November 20, 2003, in the above-captioned matter is hereby affirmed.

DISSENTING OPINION BY Senior Judge KELLEY.

I respectfully dissent.

In the instant case, Employer accepted liability for Claimant's injury in the nature of a lumbosacral strain in the notice of compensation payable (NCP) dated July 25, 1997, and Claimant received compensation benefits. On June 10, 1998, Employer sought to terminate Claimant's compensation benefits on the basis that Claimant had fully recovered from this accepted work-related injury. In the proceedings on Employer's petition, the only relevant inquiry was whether or not Claimant had fully recovered from the accepted work-related injury.[1] Thus, in the proceedings on Employer's 1998 termination petition,

---

**6.** Section 301(c)(1) of the Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1051–1066; Section 108 *added* by the Act of October 17, 1972, P.L. 930, *as amended*, 77 P.S. § 27.1.

**7.** We need not address Claimant's second issue, *i.e.*, that Dr. Kandabarow's testimony is substantial, competent and uncontradicted evidence of the worsening of Claimant's work-related injury. Claimant also maintains that Dr. Gause's testimony was incompetent because Dr. Gause based his opinion upon the findings of WCJ Parker that Claimant had completely recovered from her work-related muscle strain. The premise to Claimant's argument is that Claimant injured her disc in 1997. Judge Parker found otherwise, and the

WCJ was barred by collateral estoppel from reconsidering the scope of Claimant's 1997 injury. Resolution of the issue of collateral estoppel disposes of Claimant's second issue.

**1.** *See e.g., Commercial Credit Claims v. Workmen's Compensation Appeal Board (Lancaster)*, 556 Pa. 325, 332, 728 A.2d 902, 905 (1999) ("[S]ince the terms of the original Notice of Compensation Payable are 'valid and binding unless modified or set aside', 77 P.S. § 731, *supra*, and since claimant did not attempt to modify the terms of the original Notice of Compensation Payable in accordance with §§ 771–772, the lower tribunals erred by failing to confine their analysis of employer's termination petition to whether

any findings by the WCJ with respect to the condition of Claimant's disc bulge at the L5–S1 level were not "essential" to his resolution of whether Claimant had fully recovered from the lumbosacral strain that was acknowledged in the NCP. As a result, the doctrine of collateral estoppel does not apply in this case. *See Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Co.)*, 88 Pa.Cmwlth.76, 488 A.2d 1177, 1179 (1985), *petition for allowance of appeal denied*, 515 Pa. 616, 530 A.2d 869 (1987) ("[W]here particular questions of fact essential to the judgment are actually litigated and determined by a final valid judgment, the determination is conclusive between the parties in any subsequent action on a different cause of action.").[2]

Accordingly, unlike the Majority, I would reverse the Board's order.

the injuries set forth in the original Notice of Compensation Payable had been resolved...."); *Temple University Hospital v. Workers' Compensation Appeal Board (Sinnott)*, 866 A.2d 489, 496 (Pa.Cmwlth.2005) ("[R]ecently, in *City of Philadelphia v. Workers' Compensation Appeal Board (Smith)*, 860 A.2d 215 (Pa.Cmwlth.2004), our court addressed a WCJ's authority to modify the injury as defined in the NCP during proceedings on an employer's termination and utilization review petitions. The employer had accepted liability for a "low back strain" and thereafter sought a termination of benefits on the basis that the claimant had fully recovered from this injury. Relying on the claimant's expert testimony, the WCJ denied the employer's petitions and redefined the claimant's injury to include post-traumatic lumbar radiculopathy and two herniated discs. The WCAB affirmed, but on appeal in *City of Philadelphia*, we reversed.... We ... held that the testimony of the claimant's experts concerning conditions that were not accepted by the employer in the NCP 'was irrelevant' to the question of whether the claimant had recovered from the

acknowledged work injury. *City of Philadelphia*, 860 A.2d at 222.... In accord with *Commercial Credit* and *City of Philadelphia*, we conclude that the WCJ erred in issuing findings concerning Claimant's organic mood disorder and psychiatric disturbance, which are irrelevant to the WCJ's determination as to whether Claimant fully recovered from the adjudicated work injury. Therefore, the WCAB erred in failing to vacate these findings.").

2. In the instant appeal, Claimant also asserts that there is not substantial evidence supporting the continued termination of her benefits as Employer failed to present testimony that her injury did not increase or that her physical condition did not change following the termination of her benefits. However, as this claim was neither raised before, nor addressed by, the Board, it should not be considered by this Court for the first time in this appeal. Pa.R.A.P. 1551(a); *Lewis v. Workers' Compensation Appeal Board (Disposable Products)*, 853 A.2d 424 (Pa.Cmwlth.2004).