**Kiva MARANC, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BIENENFELD and Nationwide Mutual Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 1999.
Decided May 3, 2000.

John F.X. Fenerty, Huntington Valley, for petitioner.

Audrey J. Copeland, Philadelphia, for respondents.

Before DOYLE, President Judge, and COLINS, J., McGINLEY, J., PELLEGRINI, J., FRIEDMAN, J., KELLEY, J., and LEADBETTER, J.

DOYLE, President Judge.

Kiva Maranc (Claimant) appeals an order of the Workers' Compensation Appeal Board (Board), which affirmed a decision of a Workers' Compensation Judge (WCJ) denying Claimant's reinstatement petition on the ground that it was barred by the doctrine of res judicata.

On May 8, 1987, Claimant sustained a lower back injury in the scope of his employment. Helen Bienenfeld (Employer) issued a notice of compensation payable and Claimant began to receive workers' compensation benefits in the amount of $361 per week.

Thereafter, in accordance with Section 314 of the Workers' Compensation Act (Act),[1] Employer requested that Claimant submit to an independent medical examination, scheduled for June 2, 1988. Claimant failed to attend that examination, and Employer then filed a petition on August 17, 1988, requesting that the Board issue an order requiring Claimant to submit to an examination. The Board granted Employer's request and **ordered** Claimant to submit to an examination by Dr. Murray Glickman scheduled for November 28, 1988. **No appeal was taken from the Board's order;** however, once again Claimant failed to appear for the examination.

Employer then filed a petition to suspend Claimant's benefits because Claimant had failed to comply with the Board's order. A suspension hearing was scheduled, but was continued based upon the oral promise of Claimant's counsel that Claimant would submit to an examination on March 27, 1989. No conditions were placed upon that oral promise made by Claimant's counsel. Claimant, for the third time, refused to attend a scheduled examination with Dr. Glickman, but now asserted, for the first time, that it was because his counsel was not allowed to be present during the physical examination. Employer filed a petition for supersedeas, which was granted until such time as Claimant complied with the Board's order. Thereafter, a fourth examination was scheduled for August 10, 1989, and, once again, Claimant failed to appear.

On September 19, 1990, Employer requested that the WCJ grant its petition to suspend benefits as of November 28, 1988, the date on which Claimant failed to attend the initial Board-ordered examination. The WCJ granted Employer's request, and the Board affirmed.

Claimant appealed to this Court, and the **sole** issue presented in that appeal was whether Claimant had a reasonable cause or excuse under Section 314 of the Act to refuse, on four different occasions, to attend a medical examination. We deter-

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 651. Section 314 was amended by the Act of July 2, 1993, P.L. 190, commonly referred to as "Act 44," and further amended by the Act of June 24, 1996, P.L. 350, commonly referred to as "Act 57." However, these amendments do not affect the outcome of the present appeal.

At the time of the original proceedings before the referee, Section 314 provided in pertinent part as follows:

At any time after an injury the employe, if so requested by his employer, must submit himself for examination, at some reasonable time and place, to a physician or physicians legally authorized to practice under the laws of such place, who shall be selected and paid by the employer. If the employe shall refuse upon the request of the employer, to submit to the examination by the physician or physicians selected by the employer, **the board may, upon petition of the employer, order the employe to submit to an examination at a time and place set by it.... The refusal or neglect, without reasonable cause or excuse, of the employe to submit to such examination** *ordered by the board* ... **shall deprive him of the right to compensation,** under this article, during the continuance of such refusal or neglect, and the period of such neglect or refusal shall be deducted from the period during which compensation would otherwise be payable.

The employe shall be entitled to have a physician or physicians of his own selection, to be paid by him, participate in any examination requested by his employer or ordered by the board.

77 P.S. § 651 (emphasis added).

mined that he did not, and on June 30, 1993, we filed an opinion and order affirming the Board. *Maranc v. Workmen's Compensation Appeal Board (Bienenfeld),* 156 Pa.Cmwlth. 572, 628 A.2d 522 (1993), *petition for allowance of appeal denied,* 537 Pa. 636, 642 A.2d 489 (1994) (*Maranc I*).

On August 8, 1994, Claimant filed a reinstatement petition, asserting that he was entitled to relief under *Wolfe v. Workmen's Compensation Appeal Board (Edgewater Steel Co.),* 161 Pa.Cmwlth. 361, 636 A.2d 1293 (1994), *petition for allowance of appeal denied,* 537 Pa. 669, 644 A.2d 1205 (1994), a case holding that it was not unreasonable for a claimant to insist on the presence of counsel at a medical examination. The WCJ denied Claimant's petition, observing that, in the prior litigation before the WCJ, **and** in the appeals to the Board and to this Court, each tribunal decided against Claimant on the issue of Claimant's refusal to attend the examination because his attorney was not permitted to accompany him. Therefore, the WCJ concluded that Claimant's reinstatement petition was barred by the doctrine of res judicata.

Claimant appealed to the Board, which affirmed the WCJ's order, reasoning that:

> The subject matter in the previous Suspension Petition and the current Reinstatement Petition [is] the same, i.e., Claimant's refusal to submit to a medical examination because his counsel was not permitted to be present. The ultimate issue in both proceedings [is] also the same, i.e., whether or not this refusal was reasonable....
>
> ....
>
> Thus, the WCJ did not err in concluding that the principles of res judicata barred Claimant's instant Reinstatement Petition. The final judgment of the Commonwealth Court regarding Defendant's earlier Suspension Petition operates to preclude this Petition.

(Board decision, 1/5/98, at 4–5.) This appeal by Claimant followed.

On appeal, Claimant contends that the Board and the WCJ erred in denying his reinstatement petition on the ground of res judicata. Claimant states that he does not wish to relitigate whether he has a right to counsel at a medical examination; rather, he asserts that the reasonableness of his refusal to attend the medical examination is controlled by *Wolfe,* and that the Court's holding in *Maranc I,* which was decided after his refusal, cannot be applied to him retroactively.

■ The doctrine of res judicata encompasses two related, yet distinct, principles: technical res judicata and collateral estoppel. *PMA Insurance Group v. Workmen's Compensation Appeal Board (Kelley),* 665 A.2d 538 (Pa.Cmwlth.1995). Technical res judicata, the principle applicable in the instant case, provides that when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded. *Id.* Collateral estoppel, on the other hand, acts to foreclose litigation in a later action of issues of law or fact that were actually litigated and necessary to a previous final judgment. *Id.*

■ Technical res judicata applies when the following four factors are present: (1) identity in the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Co.),* 88 Pa. Cmwlth. 76, 488 A.2d 1177 (1985). This doctrine applies to claims that were actually litigated as well as those matters that should have been litigated. *Id.* Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and the new proceedings. *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines),* 142 Pa.Cmwlth. 176, 597 A.2d 182 (Pa.Cmwlth.1991), *reversed on other grounds,* 534 Pa. 327, 632 A.2d 1302 (1993).

With regard to the four requirements for res judicata outlined in *Patel*, there is no dispute in this case as to the identity of the parties or their capacity to be sued. As to the first and second elements of res judicata, it is clear from our decision in *Maranc I* that the thing sued upon and the cause of action in that case and the instant case are identical.

In *Maranc I*, we specifically identified the issue on appeal as follows:

> On appeal to this Court, Maranc argues that he was entitled to have his counsel present at the medical examination because the examination was adversarial in nature, thus, requiring the attendance of counsel. Maranc asserts he, therefore, had a reason to refuse the examination. **We do not agree.**

*Maranc I*, 628 A.2d at 524 (footnote omitted) (emphasis added). On June 30, 1993, we filed an opinion and decided **that** issue, expounding on why the Claimant's reasons for refusing to attend the medical examination were meritless, especially after the Board ordered him to attend and even after his attorney promised that he would attend:

> Here, Maranc's excuse for failing to comply with the order to submit to a physical examination was that he wanted his attorney present during the examination. [An excuse not asserted for Maranc's first and second refusals]. Nowhere in Section 314 or elsewhere in the Act does a claimant have the right to have his attorney present during an independent medical examination.
>
> . . . .
>
> **Therefore, we hold that the WCAB properly affirmed the referee's conclusion that Maranc did not have a reasonable excuse for failing to comply with the WCAB's order.**
>
> Accordingly, we affirm [the order of the Board to suspend Claimant's benefits].

*Maranc I*, 628 A.2d at 524–25 (emphasis added).

██ In light of the above, it is clear that the issue which the Claimant raises in this appeal, under the guise of a petition to reinstate his benefits, is absolutely identical to that which we definitively decided in *Maranc I*, and the reasons asserted by the Claimant in this appeal for his refusal to attend the medical examination are the identical grounds which we rejected in Claimant's previous appeal. Claimant's arguments, therefore, are barred by the doctrine of res judicata.

But, even assuming that res judicata did not apply in the present appeal, we would reject Claimant's arguments that his refusal to attend the examination was not unreasonable under *Wolfe* and that our decision in *Maranc I* cannot be retroactively applied to him.

*Wolfe* is clearly distinguishable from the instant case. The claimant in *Wolfe* had voluntarily submitted to two physical examinations before the issue of his attorney's attendance at a third examination arose. The first two examinations had preceded two unsuccessful attempts by the employer to terminate the claimant's benefits, one petition to terminate having been filed in December of 1986 and the other petition in December of 1988. The WCJ denied both petitions. Less than a month after the second petition to terminate had been denied, the employer notified the claimant that a **third** medical examination had been scheduled with yet a **third** physician for December of 1989. At that point, the claimant, believing that the third examination evidenced a pattern of harassment by the employer, refused to attend without his attorney being present. **Of significant importance, there was never an order issued by the Board requiring the claimant in *Wolfe* to attend a medical examination.** Accordingly, in *Wolfe* the claimant never violated a Board order; instead, the issue of the claimant's right to have his attorney present at his third examination was raised in response to the employer's petition to the Board to order such an examination.

Unlike *Wolfe*, Employer in *Maranc I* filed a petition to compel Claimant to attend a physical examination only *after* Claimant failed to show up for the first examination. When the Board issued an *order* that required Claimant to submit to an examination, Claimant failed to appear for three subsequently scheduled examinations.

In summary, *Wolfe* dealt with the issue of a claimant's right to have his attorney present at his examination in response to employer's petition to the Board to order such an examination. *Maranc I*, on the other hand, dealt with the claimant's refusal to attend such an examination after having been ordered by the Board to submit to the examination. Any defense or right of a claimant to have his attorney attend the examination should have been raised before the Board entered its order. Likewise, an employer has no right to suspend benefits for a claimant's failure to attend an exam without first having obtained an order from the Board. *Maranc I; Blair v. Workmen's Compensation Appeal Board (Fullington Bus Co.)*, 80 Pa. Cmwlth. 459, 471 A.2d 1289 (1984).

Claimant's assertion that *Maranc I* was retroactively applied to him must also fail, because *Maranc I* involved the interpretation of Section 314 of the Act, and case law interpreting existing statutes applies retroactively to the enactment of the statute. *Davis v. City of Philadelphia*, 168 Pa.Cmwlth. 334, 650 A.2d 1127 (1994). Furthermore, Claimant's repeated refusal to attend a physical examination, in direct violation of the Board's order, which order was never appealed, was sufficient reason for the referee to suspend Claimant's compensation under Section 314, regardless of our subsequent decision in *Maranc I*.

Accordingly, the Board's order is affirmed.

### ORDER

NOW, May 3, 2000, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

Judge LEADBETTER concurs in the result only.