# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Allen,                       :
                                      :
            Petitioner           :
                                      :
          v.                   : No. 1947 C.D. 2015
                                      : Submitted: March 11, 2016
Workers' Compensation Appeal Board   :
(City of Philadelphia),             :
                                      :
          Respondent         :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                   **FILED: August 16, 2016**

James Allen (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision and order of a Workers' Compensation Judge (WCJ) dismissing a reinstatement petition and penalty petition filed by Claimant against the City of Philadelphia (Employer) on the grounds that the petitions were barred by the doctrine of *res judicata*. Finding no error in the Board's order, we affirm.

On November 3, 2010, Claimant was employed by Employer as a local area network administrator for the Free Library of Philadelphia when he was involved in a work-related motor vehicle accident. (Aug. 10, 2012 WCJ Decision and Order (2012 WCJ Decision), Findings of Fact (F.F.) ¶¶1a-1b, 2a-2b.) Employer issued a notice of compensation payable (NCP) on November 22, 2010 describing the injury as a neck, thoracic and lumbar strain and sprain and

Employer began paying Claimant total disability benefits. (*Id*. at 1.) On April 14, 2011, Employer filed a notification of suspension in which it stated that Claimant's benefits were suspended effective April 6, 2011 because Claimant had returned to work with earnings greater than his pre-injury earnings. (Reproduced Record (R.R.) at 2a-3a.) Claimant did not file a challenge to the notification of suspension. (2012 WCJ Decision at 1.)

On May 2, 2011, Claimant filed a claim petition, later amended to a reinstatement petition and review petition, seeking total disability benefits as of March 24, 2011 and an expansion of the description of his injury to include his lower extremities and shoulders. (*Id*.) Claimant then filed a petition to review a utilization review determination that found Claimant's treatment with medication and physical therapy would not be reasonable and necessary after September 24, 2011, and Employer filed a termination petition alleging that Claimant was fully recovered and able to return to full duty work as of July 29, 2011, the date Employer's medical expert examined Claimant. (*Id*.) These petitions were consolidated for proceedings before WCJ Debra Bowers. (*Id*.)

On August 10, 2012, WCJ Bowers issued a decision denying Claimant's reinstatement petition because Claimant failed to demonstrate grounds for reinstatement of benefits and denying Claimant's review petition because Claimant had not proved that the NCP should be expanded to include additional injuries. (*Id*., F.F. ¶12, Conclusion of Law (C.L.) ¶3.) WCJ Bowers also granted Employer's termination petition effective July 29, 2011, finding that Claimant had fully recovered from his injuries as of that date and denied Claimant's utilization review petition finding that Claimant's treatment was necessary and reasonable only until July 29, 2011. (*Id*., F.F. ¶11, C.L. ¶¶2, 4.) By a February 19, 2014 Opinion and Order, the Board affirmed WCJ Bowers' grant of Employer's

2

termination petition and denial of Claimant's reinstatement, review and utilization review petitions. Claimant did not appeal the Board's decision to this Court. (Oct. 14, 2014 WCJ Decision and Order (2014 WCJ Decision), F.F. ¶7.)

Claimant filed the reinstatement petition and penalty petition presently before this Court on April 29, 2014. (R.R. at 25a-28a.) In these petitions, Claimant alleges that his benefits should be reinstated as of April 6, 2011 and that Employer improperly suspended his benefits as of that date because, while he was released to return to work on April 5, 2011, he did not in fact return to work on April 6 as stated in the notification of suspension. (R.R. at 25a.) Employer answered Claimant's reinstatement and penalty petitions and filed a motion to dismiss based on the doctrine of *res judicata*. (Answer, R.R. at 29a-33a; 2014 WCJ Decision, F.F. ¶8.) The reinstatement and penalty petitions were assigned to WCJ Todd Seelig, who bifurcated the matter and allowed the parties to submit letter briefs pertaining to the motion to dismiss. (2014 WCJ Decision, F.F. ¶8.)

On October 14, 2014, WCJ Seelig issued a decision granting Employer's motion and dismissing Claimant's reinstatement and penalty petitions. WCJ Seelig found that each of the elements of *res judicata* was satisfied because the parties were identical in the prior proceeding and they were sued in their same capacity; the subject matter and issues in the pending litigation were subsumed in the litigation before WCJ Bowers, as demonstrated by the fact that WCJ Bowers amended Claimant's claim petition to a reinstatement and review petition; and the benefits sought in the present case from April 6, 2011 onward were included in the period that Claimant sought reinstatement before WCJ Bowers of March 24, 2011 and ongoing. (*Id.*, F.F. ¶¶10-16, C.L. ¶2.) WCJ Seelig noted that while Claimant did not argue in the prior litigation that the notification of suspension was invalid, *res judicata* applies not only to claims that were raised previously but also to

3

claims that should have been litigated; thus, Claimant's failure to raise the alleged invalidity of the suspension notification does not allow him to escape the bar of *res judicata*. (*Id.*, F.F. ¶¶10, 12, 16.) Claimant appealed the dismissal of the reinstatement and penalty petitions to the Board, and the Board affirmed. This appeal followed.[1]

Claimant argues on appeal that the Board erred in concluding that the reinstatement and penalty petitions filed by Claimant in April 2014 are barred by *res judicata*. Claimant cites this Court's decision in *Kraeuter v. Workers' Compensation Appeal Board (Ajax Enterprises, Inc.)*, 82 A.3d 513 (Pa. Cmwlth. 2013), wherein we held that a WCJ properly set aside a notification of suspension because it was based on false information, even though the challenge to the suspension notification was not filed until more than five years after the notification was issued. Claimant contends that, like in *Kraeuter*, the suspension notification here is also materially incorrect because Claimant did not return to work on April 6, 2011 and therefore the dismissal based on *res judicata* was in error and the WCJ should have allowed the reinstatement of benefits despite Claimant's failure to file a timely challenge to the notification.

The doctrine of *res judicata* encompasses two related, yet distinct, principles: technical *res judicata* and collateral estoppel. *Cytemp Specialty Steel v. Workers' Compensation Appeal Board (Crisman),* 39 A.3d 1028, 1034 (Pa. Cmwlth. 2012); *Maranc v. Workers' Compensation Appeal Board (Bienenfeld)*, 751 A.2d 1196, 1199 (Pa. Cmwlth. 2000) (*en banc*). Collateral estoppel acts to

---

[1] Our scope of review of the Board's order is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *Merkel v. Workers' Compensation Appeal Board (Hofmann Industries),* 918 A.2d 190, 192 n.2 (Pa. Cmwlth. 2007).

4

foreclose litigation in a later action of issues of law or fact that were actually litigated and necessary to a previous final judgment. *Cytemp Specialty Steel,* 39 A.3d at 1034; *Maranc*, 751 A.2d at 1199. On the other hand, technical *res judicata*, the principle applicable in this case, provides that following a final judgment on the merits, a future suit on the same cause of action between the same parties is precluded. *Cytemp Specialty Steel,* 39 A.3d at 1034; *Maranc*, 751 A.2d at 1199. Unlike collateral estoppel, technical *res judicata* applies not only to claims that were actually litigated but also to matters that could have been, or should have been, raised in the prior proceeding. *Cytemp Specialty Steel,* 39 A.3d at 1034; *Maranc*, 751 A.2d at 1199*; see also Merkel v. Workers' Compensation Appeal Board (Hofmann Industries),* 918 A.2d 190, 193 n.5 (Pa. Cmwlth. 2007) ("In other words, *res judicata* applies to issues that were, in effect, waived in the old proceeding."). The underlying purpose of the doctrine of *res judicata* is to minimize the judicial energy devoted to individual cases, establish certainty and respect for court judgments and to protect the party relying on the prior adjudication from vexatious litigation. *Knox v. Pennsylvania Board of Probation and Parole*, 588 A.2d 79, 82 (Pa. Cmwlth. 1991).

Technical *res judicata*, often referred to as claim preclusion, applies when the following four factors are present: (i) identity in the thing sued upon or for; (ii) identity of the cause of action; (iii) identity of the persons and parties to the action; and (iv) identity of the quality or capacity of the parties suing or sued. *Henion v. Workers' Compensation Appeal Board (Firpo & Sons, Inc.)*, 776 A.2d 362, 365-66 (Pa. Cmwlth. 2001); *Maranc*, 751 A.2d at 1199. "Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and the new proceedings." *Maranc*, 751 A.2d at 1199. As we have explained,

> [i]dentity of two causes of action may be determined by considering the similarity in the acts complained of and the demand for recovery, as well as the identity of the witnesses, documents and facts alleged and whether the same evidence is necessary to prove each action. A party cannot escape operation of the bar of *res judicata* by varying the form of action or adopting a different method of presenting the case. Nor can one avoid the consequences of the prior judicial adjudication merely by altering the character of the relief sought.

*Swift v. Radnor Township*, 983 A.2d 227, 232 (Pa. Cmwlth. 2009) (citation omitted).

We conclude that the Board and WCJ Seelig correctly applied *res judicata* to dismiss the new reinstatement and penalty petitions filed by Claimant. There is no dispute that the third and fourth elements are present because the prior and current litigation involve the same parties in their same capacities. It is also clear that the "thing sued upon" is identical in the old and new litigation. In the proceedings before WCJ Bowers, Claimant sought reinstatement of total disability benefits as of March 24, 2011 and ongoing, while Claimant now seeks reinstatement as of April 6, 2011, the effective date of the notification of suspension. Thus, the period for which Claimant currently seeks benefits is entirely subsumed within the period at issue in the previous case; in other words, had Claimant been successful in the case before WCJ Bowers, the current litigation would be superfluous.[2]

Furthermore, we agree with WCJ Seelig that the identity of the cause of action is the same in the old and new action. In the litigation before WCJ Bowers, Claimant's claim petition sought payment of total disability benefits as of

---

[2] Claimant has also filed a penalty petition in the current matter, however, the request for a penalty is solely based on Claimant's contention that Employer violated the Workers' Compensation Act by failing to promptly pay the benefits as of the date of suspension.

6

March 24, 2011 and to change the description of his injuries on the NCP and was amended to a reinstatement petition and a review petition based on the nature of the relief sought. In the instant matter before WCJ Seelig, Claimant filed a reinstatement petition which also seeks to have his total disability benefits restored. Both the old and new litigation relate to the same November 3, 2010 motor vehicle accident, and both sought to reinstate benefits at the level set in the original NCP. While Claimant has presented a new theory in the present case based on the alleged misrepresentation by Employer in the suspension notification that Claimant had returned to work on April 6, 2011, this new argument could have been presented in the previous case and does not rescue this matter from the preclusive effect of *res judicata.*

Our decision in *Kraeuter* does not compel a different result. In *Kraeuter*, the employer's insurer issued a notification of suspension in May 2006 based upon the claimant's return to work; also in May 2006, the employer and claimant executed a final receipt agreement which stated that the claimant was able to return to work without a loss of earnings. 82 A.3d at 515. The claimant did not file a challenge to the suspension notification or take any other action for the reinstatement of benefits until 2011, when she filed a challenge to the suspension notification, a petition to set aside the final receipt and a penalty petition, alleging that she had not in fact returned to work in May 2006. *Id*. The WCJ granted the challenge to the notification of suspension and the claimant's petitions, finding that the claimant had not returned to work and had not recovered from her injury and that the claims adjuster for the employer's insurer engaged in fraudulent conduct by representing that the claimant had returned to work despite being aware of information to the contrary. *Id*. at 516-17. The Board reversed the WCJ, holding that both the challenge to the suspension notification and petition to set aside the

7

final receipt were time barred under the Workers' Compensation Act (Act).[3]  *Id.* at 517.

On appeal, this Court reversed the Board and reinstated the WCJ's award of the reinstatement of benefits.  Relevant to this matter, we observed that the Act requires that a notification of suspension include an affidavit by the insurer that the claimant has returned to work with earnings equal to or greater than pre-injury earnings, but that if a notification is not challenged within 20 days the employee shall be deemed to have admitted the return to work and the notification shall have the same binding effect as a fully executed supplemental agreement for the suspension of benefits.  *Id.* at 519-20 (citing Section 413(c) of the Act, added by the Act of July 1, 1978, P.L. 692, *as amended*, 77 P.S. § 774.2).  Despite the fact that the claimant in *Kraeuter* did not challenge the suspension notification within 20 days, we held that the WCJ acted appropriately pursuant to the first paragraph of Section 413(a) of the Act which provides that a WCJ "may, at any time, ... set aside a ... supplemental agreement ... if it be proved that such ... agreement was in any material respect incorrect" in light of the evidence of record that the claimant never returned to work and the claims adjuster had no basis in affirming that she had done so.  *Id.* at 520-21 (quoting Section 413(a) of the Act, 77 P.S. § 771).

Claimant argues that because he has alleged that Employer misrepresented that he had returned to work by April 6, 2011, his request for reinstatement should be permitted "at any time" pursuant to Section 413(a) and *Kraeuter*.  This argument misses the key difference between the two cases:  while Claimant presents the same argument as in *Kraeuter* that the failure to lodge a

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2708.

timely challenge of a suspension notification does not prevent a WCJ from later reinstating benefits where fraudulent conduct was present, in *Kraeuter* there was no prior litigation involving the same cause of action. *Res judicata* applies only where there is a final judgment on the merits in a prior action involving the same parties and thus the question of whether *res judicata* barred the litigation was not present in *Kraeuter*. Here, by contrast, Claimant had previously initiated litigation in 2011 seeking reinstatement of his benefits, which was rejected by WCJ Bowers and became final following Claimant's failure to appeal to this Court. Claimant could have presented his current argument that the suspension notification was invalid in the litigation before WCJ Bowers but chose not to.

Accordingly, the order of the Board is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

James Allen,                                    :
                                                :
                    Petitioner                  :
                                                :
          v.                                    : No. 1947 C.D. 2015
                                                :
Workers' Compensation Appeal Board              :
(City of Philadelphia),                         :
                                                :
                    Respondent                  :

# **O R D E R**

AND NOW, this 16th day of August, 2016, it is hereby ORDERED that the order of the Workers' Compensation Appeal Board in the above-captioned matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge