IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Kilgallon,                           :
                    Petitioner             :
                                           :
            v.                             :
                                           :
The Village at Palmerton Assisted          :
Living and Laundry Owners Mutual           :
Liability Insurance Association of         :
Pennsylvania (Workers'                     :
Compensation Appeal Board),                :    No. 165 C.D. 2022
                    Respondents            :    Submitted: July 15, 2022


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED: November 21, 2022


           Petitioner Donna Kilgallon (Claimant) seeks review of the February 1,
2022, decision and order of the Workers' Compensation Appeal Board (Board),
which affirmed the May 5, 2021, decision and order of the Workers' Compensation
Judge (WCJ) that denied Claimant's October 2020 reinstatement, review, and
penalty petitions based on *Protz v. Workers' Compensation Appeal Board (Derry
Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*).  Upon review, we affirm.

## I. Factual and Procedural Background

The relevant facts are not in dispute. Claimant sustained a disabling work-related injury on March 3, 2007 and began receiving temporary total disability (TTD) benefits in the fall of 2007 from The Village at Palmerton Assisted Living and its workers' compensation insurer, Laundry Owners Mutual Liability Insurance Association of Pennsylvania (together, Employer). Board Decision, 2/1/22, at 1; Reproduced Record (R.R.) at 182a. On July 27, 2011, Claimant underwent an impairment rating evaluation (IRE) under former Section 306(a.2) of the Workers' Compensation Act.[1] *Id.* (citing former 77 P.S. § 511.2). *Id.* at 1; R.R. at 182a. The 2011 IRE returned an impairment rating of less than 50%, and Claimant's benefits were modified to temporary partial disability (TPD) status with a 500-week limit as of November 28, 2009, the date when Claimant had reached 104 weeks of TTD since her injury. *Id.* at 1; R.R. at 182a.

In *Protz II*, our Supreme Court invalidated former Section 306(a.2) as an unconstitutional delegation of legislative authority to the American Medical Association, which produces the Guides to the Evaluation of Permanent Impairment (AMA Guides). Thereafter, Claimant filed petitions in July 2017 seeking reinstatement of her TTD status. Board's Decision, 2/1/22, at 1; R.R. at 182a. The WCJ issued an October 27, 2017, decision (not included in either the agency or reproduced records) granting Claimant's petitions and reinstating her TTD benefits as of December 16, 2009.[2] *Id.* at 1-2; R.R. at 182a-83a. In June 2018, during the pendency of Employer's appeal to the Board, this Court issued *Whitfield v. Workers'*

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710. Section 306(a.2) was added by the Act of June 24, 1996, P.L. 350, formerly 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

[2] It is unclear why Claimant's TTD status was not reinstated as of November 28, 2009, when it was first changed to TPD, but the 19-day difference is not substantial or at issue here.

*Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*), which held that in order to secure reinstatement of TTD benefits after *Protz II*, a claimant "must testify that her work-related injury continues, and the WCJ must credit that testimony over any evidence that an employer presents to the contrary." 188 A.3d at 617. The General Assembly also passed Act 111 of 2018, which effectively reinstated the IRE process as of October 24, 2018.[3]

The Board therefore remanded the matter to the WCJ to reopen the record and address the recent changes in the law. WCJ Decision, 6/18/19, at 4; R.R. at 121a (discussing a February 27, 2019, Board decision that is not included in either the agency or reproduced records). A hearing was held, presumably for Claimant's testimony as to her ongoing condition, but Claimant advised the WCJ through counsel that she would not present any additional evidence or testimony. *Id.*; R.R. at 121a. The WCJ, relying on *Whitfield*, concluded Claimant had not met her burden to show that her injury was ongoing and denied her reinstatement petitions in a June 2019 decision and order. *Id.* at 5; R.R. at 122a. The WCJ also concluded that Act 111 was not relevant as the modification of Claimant's benefits had taken place under former Section 306(a.2) of the Act. *Id.* at 4; R.R. at 121a. Also relying on *Whitfield*, the Board affirmed the WCJ's decision in a September 2020 decision and order.[4] Board Decision, 9/29/20, at 3; R.R. at 128a.

---

[3] Act 111 of 2018 repealed former Section 306(a.2) and replaced it with Section 306(a.3) of the Act, 77 P.S. § 511.3. Under Section 306(a.3), an IRE must be conducted in accordance with the Sixth Edition of the AMA Guides, and a claimant's impairment rating must be less than 35% in order for the claimant to be moved from total to partial disability status. 77 P.S. § 511.3.

[4] The September 2020 Board decision mentioned but did not address the applicability of Act 111 of 2018 to this matter. *See* Board Decision, 9/29/20, at 1 n.2; R.R. at 126a.

On Claimant's appeal, this Court affirmed. *Kilgallon v. The Village at Palmerton Assisted Living (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1063 C.D. 2020, filed July 13, 2021) (unreported), 2021 WL 2934766 (*Kilgallon I*). We noted that *Weidenhammer v. Workers' Compensation Appeal Board (Albright College)*, 232 A.3d 986 (Pa. Cmwlth. 2020), held that *Protz II* was not intended to be given a fully retroactive effect such that all claimants on TPD status pursuant to pre-*Protz II* IREs warranted reinstatement to TTD without showing proof of ongoing injury. *Kilgallon I*, slip op. at 5-6; 2021 WL 2934766, at *3. In *Kilgallon I*, we also reaffirmed *Whitfield*'s post-*Protz II* standard of proof for reinstatement of TTD status as requiring the claimant's testimony of ongoing injury, which we described in *Whitfield* as analogous to the standard for reinstatement of benefits following a suspension, which requires credible claimant testimony but not formal medical evidence. *Id.*, slip op. at 6-7; 2021 WL 2934766, at *3. Finding Claimant had not presented either evidence or a persuasive legal argument for overturning *Whitfield*, we upheld the WCJ's denial of reinstatement. *Id.*, slip op. at 7-8; 2021 WL 2934766, at *4. Our Supreme Court ultimately denied Claimant's petition for allowance of appeal of *Kilgallon I*. *Kilgallon v. The Village at Palmerton Assisted Living (Workers' Comp. Appeal Bd.)* (Pa., No. 469 MAL 2021, filed May 17, 2022) (unreported).

While the foregoing litigation was active, Claimant filed the present reinstatement, review, and penalty petitions on October 14, 2020.[5] R.R. at 1a-9a. The petitions, which contain identical wording, assert that as of September 30, 2020, Employer wrongfully stopped Claimant's benefits on the basis of former Section 306(a.2) of the Act, which was repealed after being found unconstitutional in *Protz*

---

[5] The Board's previous decision was issued on September 29, 2020, and Claimant filed her Petition for Review with this Court on October 28, 2020.

*II*. The petitions also maintain that Employer cannot rely on new Section 306(a.3) of Act 111 of 2018 for stopping benefits because that section was not in effect when Claimant's status was changed from TTD to TPD after the 2009 IRE. *Id*. Employer answered the petitions, asserting that Claimant's claims in her October 2020 petitions were identical to those she raised in the previous (and still active at that time) litigation and therefore were barred by *res judicata* and collateral estoppel principles. *Id*. at 10a-18a.

At a November 18, 2020, hearing in this litigation, counsel for Claimant acknowledged that the gist of the current petitions is that *Whitfield* was wrongly decided. R.R. at 26a. Claimant testified that in March 2007, when a nursing home patient she was helping to walk collapsed, she sustained injuries to her back and right leg. *Id*. at 31a. She received wage loss benefits through September 30, 2020,[6] and has been treating continuously for her injuries, including a right knee surgery. *Id*. at 32a. She currently sees Dr. Mahli for her back, Dr. Grob for her knee and left hip, and also Dr. Mauthe and her family doctor, Dr. Follweiller. *Id*. at 33a. Due to the COVID-19 pandemic, she had not been able to see them regularly in person, but she has had telephone appointments with them. *Id*. Notably, Claimant's counsel did not ask her on direct examination to describe her current condition or the extent of her ongoing injuries, nor did Employer's counsel ask any questions on cross-examination in that regard. *See id*. at 31a-38a.

In a May 5, 2021, decision and order, the WCJ restated this Court's determination in *Whitfield* that in order to have TTD status restored in the post-*Protz II* context, the claimant must, at the least, testify credibly that her work-related injury

---

[6] Employer entered into the record a payment log showing total wage loss benefits paid to Claimant (including both TTD and TPD) through September 30, 2020, for dates from October 4, 2007, through September 6, 2020. R.R. at 77a-117a.

continues. WCJ Decision, 5/5/21, at 5; R.R. at 155a. Given that standard, the WCJ noted that while Claimant had been given "multiple opportunities" to do so, she had not provided sufficient personal testimony of an ongoing injury and therefore had failed to meet her burden for reinstatement of her TTD status, which meant that the 500-week limit for her TPD continued to run. *Id*. at 5; R.R. at 155a. As such, and since the record established that Claimant had received the full 500 weeks of TPD to which she was entitled, reinstatement to TTD was not warranted, and Employer did not violate the Act by stopping her TPD in September 2020 after over 500 weeks had elapsed. *Id*. at 6; R.R. at 156a. The WCJ therefore denied and dismissed Claimant's petitions.[7] The Board affirmed, concluding that Claimant's arguments concerning *Whitfield* had been raised and addressed in her appeal based on her 2017 petitions, which concluded with *Kilgallon I*, and therefore were precluded pursuant to *res judicata* principles. Board Decision, 2/1/22, at 4 & n.6; R.R. at 185a. Claimant now appeals to this Court.

---

[7] Claimant's current petitions also assert that Employer wrongly sought to justify Claimant's TPD status under new Section 306(a.3) of Act 111 of 2018. However, as the WCJ pointed out, all of the relevant actions here, including the change in Claimant's status from TTD to TPD after the 2009 IRE, occurred prior to the enactment of Act 111. WCJ Decision, 5/5/21, at 5; R.R. at 155a. The WCJ therefore found Act 111 not relevant to this dispute. R.R. at 155a. Claimant mentions Act 111 in her brief's "statement of the case," but does not develop an argument concerning it; her argument is limited to her challenge to *Whitfield*. Claimant's Br. at 7 & 8-16. Any arguments Claimant may have based on Act 111 are therefore waived for lack of development. *Ward v. Potteiger*, 142 A.3d 139, 143 n.7 (Pa. Cmwlth. 2016). Moreover, this Court has consistently held that while Act 111 may not be used to revive a previously invalidated IRE, the portions of Act 111 that permit employers to claim credit for weeks of TTD or TPD paid prior to its enactment in October 2018, which Employer did here, are valid. *See, e.g., DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 440-41 (Pa. Cmwlth. 2022). Although the record here includes an IRE conducted in August 2019 at Employer's behest, Employer took no action on it. R.R. at 67a; Board Decision, 2/1/22, at 3; R.R. at 184a. We therefore conclude the WCJ did not err in finding Act 111 not relevant to this dispute.

## II. Discussion

The doctrine of *res judicata* encompasses two related, yet distinct, principles: technical *res judicata* (claim preclusion) and collateral estoppel (issue preclusion).[8] *Maranc v. Workers' Comp. Appeal Bd. (Bienenfeld)*, 751 A.2d 1196, 1199 (Pa. Cmwlth. 2000). Technical *res judicata*, the principle applicable in the instant case, provides that when a final judgment on the merits exists, a future suit between the same parties on the same cause of action is precluded.[9] *Id*. Technical *res judicata* applies when the following four factors are present: (1) identity in the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Id*. This doctrine applies to claims that were actually litigated as well as those matters that could and should have been litigated. *Id*. The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights. *Callery v. Mun. Auth. of Blythe Twp.*, 243 A.2d 385, 387 (Pa. 1968).

Claimant does not address the Board's finding of *res judicata*. She argues, as she did previously, that *Whitfield* wrongly shifts the burden of proof in post-*Protz II* cases to claimants by requiring them to testify that their work-related injuries continue even though their TTD status was changed to TPD under a statutory regime held in *Protz II* to be unconstitutional. Claimant's Br. at 8. She emphasizes that workers' compensation benefits have been determined to be vested rights that

---

[8] "This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *DiPaolo*, 278 A.3d at 433 n.5.

[9] Collateral estoppel, on the other hand, acts to foreclose litigation in a later action of issues of law or fact that were actually litigated and necessary to a previous final judgment. *Maranc v. Workers' Comp. Appeal Bd. (Bienenfeld)*, 751 A.2d 1196, 1199 (Pa. Cmwlth. 2000).

7

may not be disturbed by subsequent legislation without violating the Remedies Clause of the Pennsylvania Constitution. *Id*. at 9 (citing Pa. Const. art. I, § 11). She avers that *Protz II*'s conclusion that the previous IRE statutes were unconstitutional rendered her prior IRE and the ensuing change of her status from TTD to TPD void *ab initio* and that she cannot be forced to establish her eligibility for TTD again. *Id*. at 12-13. She asserts that *Whitfield*'s adoption of the evidentiary protocol for reinstatement after a suspension of benefits, which requires the claimant's credible testimony of ongoing injury, wrongly imports a claimant-side burden into post-*Protz II* reinstatement of TTD status, which should be automatic based on the unconstitutionality of the former IRE statutes. *Id*. at 13-14.

Employer responds that Claimant wrongly seeks to relitigate the claims she raised in the previous litigation that arose from her 2017 petitions and concluded in May 2022 when our Supreme Court did not accept *Kilgallon I* for further review. Employer's Br. at 10-14. Employer points out that after the Board remanded the previous matter in February 2019 with specific instructions to address the advent of *Whitfield* in 2018, Claimant had a full and fair opportunity to testify as to her ongoing injury, but she declined to do so, which led the WCJ, Board, and this Court to reject her claims for post-*Protz II* reinstatement of her TTD status in *Kilgallon I*. *Id*. at 11. As such, Employer asserts that Claimant's identical claims here are precluded.

We agree. As noted, technical *res judicata* or claim preclusion applies when the following four factors are present in both a prior and subsequent litigation: (1) identity in the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Maranc*, 751 A.2d at 1199. The first element, the thing sued upon or for by Claimant in the previous litigation, was reinstatement

8

of her TTD status pursuant to *Protz II*. *Kilgallon I*, slip op. at 4-5, 2021 WL 2934766, at \*2. Here, Claimant again seeks reinstatement of her TTD status. Claimant's Br. at 8. We note that whereas in the previous litigation, Claimant declined to testify at all, here Claimant did testify, but only as to her current treatment and doctors. *Compare Kilgallon I*, slip op. at 1, 2021 WL 2934766, at \*2 *with* R.R. at 32a-33a. Although Claimant may have considered this sufficient, the WCJ properly disagreed in light of *Whitfield*'s clear directive that in order to be eligible for post-*Protz II* reinstatement of TTD status, the claimant must credibly testify that the work-related injury continues. WCJ Decision, 5/5/21, at 5, R.R. at 155a (citing *Whitfield*, 188 A.3d at 615). This is a low burden, as neither expert medical evidence nor testimony that the claimant's ability to work has worsened is required. *Whitfield*, 188 A.3d at 615. Here, however, Claimant did not specifically testify that her work injury continues, and accordingly, the WCJ again found that Claimant had not met her burden. WCJ Decision, 5/5/21, at 5; R.R. at 155a. Claimant has neither argued to this Court that her testimony in the proceedings underlying this appeal was sufficient nor challenged the Board's *res judicata* determination in any way.[10] R.R. at 187a-99a; Claimant's Br. at 8-15. There is therefore identity in the thing being sued upon and, moreover, no new evidence from Claimant that would substantively distinguish this matter from *Kilgallon I*.

There is also identity in the previous and current causes of action because in both instances, the ultimate issue was Claimant's argument that she should be reinstated to TTD status because *Whitfield* was wrongly decided.

---

[10] Even if Claimant had presented sufficient testimony in this matter, her claims would likely still be precluded, as she had a full and fair opportunity in the previous litigation to testify pursuant to *Whitfield* (which the Board directed in its initial remand decision) but declined to do so. As stated above, *res judicata* precludes not only claims and issues that were previously litigated, but also those where the party had an opportunity to litigate but failed to do so. *Maranc*, 751 A.2d at 1199.

9

*Kilgallon I*, slip op. at 4-5, 2021 WL 2934766, at \*2; Claimant's Br. at 8; *see also Fields v. Workmen's Comp. Appeal Bd. (Duquesne Light Co.)*, 539 A.2d 507, 508 (Pa. Cmwlth. 1988) (stating that for purposes of *res judicata*, "there is identity of causes of action when in both the old and new proceedings the subject matter and the ultimate issues are the same[.]").  In *Kilgallon I*, as here, Claimant argued that *Whitfield* should be overturned because it wrongly shifts the reinstatement burden to the claimant and violates the Remedies Clause of the Pennsylvania Constitution. *Kilgallon I*, slip op. at 4-5, 2021 WL 2934766, at \*2.

There is also identity of the persons and parties to the action in both *Kilgallon I* and here.  Claimant in both matters brought suit against Employer and its insurer.  *Kilgallon I*, slip op. at 1, 2021 WL 2934766, at \*1; Claimant's Petition for Review, R.R. at 187a-89a.  The final element, the "quality or capacity" of the parties, concerns the ability to sue and be sued; it is not at issue here and, in any event, is also the same as in *Kilgallon I*.  *See Kilgallon I*, slip op. at 1, 2021 WL 2934766, at \*1; Claimant's Petition for Review, R.R. at 187a-89a; *see also Kreider v. Kleinfelter*, 461 A.2d 304, 307-08 (Pa. Super. 1983) (stating that identity of capacity to sue or be sued is required for *res judicata*).  Therefore, all four elements for claim preclusion have been met here.

Further, we note that this Court has already considered and rejected, on the merits, the same arguments against *Whitfield* that Claimant asserts here. *Weidenhammer*, 232 A.3d at 996; *see also Kilgallon I*, slip op. at 5-8, 2021 WL 2934766, at \*3-4 (citing *Weidenhammer*'s reaffirmance of *Whitfield*).

As our Supreme Court has stated, "[t]he doctrine of *res judicata* is based on public policy and seeks to prevent an individual from being vexed twice for the same cause."  *Stevenson v. Silverman*, 208 A.2d 786, 788 (Pa. 1965).  Here,

10

Claimant asks this Court to rule again on a claim that she had a full and fair opportunity to (and did) litigate in 2020-21. It is not clear why Claimant decided to relitigate these issues with new petitions in October 2020 when her previous litigation on similar petitions was still active,[11] but her failure to testify that her injury is ongoing, both then and now, dictates the same unsuccessful outcome here on the merits. We therefore affirm the Board's decision and order affirming the WCJ's denial and dismissal of Claimant's petitions.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[11] Presumably the new petitions were filed when Employer ceased benefits payments at the end of September 2020, which the WCJ calculated as comprising more than 500 weeks of TPD. WCJ Decision, 5/5/21, at 6; R.R. at 156a. While that may have been a triggering event, the nature of Claimant's challenge here is that her status should not have been modified to TPD at all, which is the same claim and issue she pursued in the litigation that concluded unsuccessfully with *Kilgallon I*.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Kilgallon, :
               Petitioner :
           :
             v. :
           :
The Village at Palmerton Assisted :
Living and Laundry Owners Mutual :
Liability Insurance Association of :
Pennsylvania (Workers' :
Compensation Appeal Board), : No. 165 C.D. 2022
               Respondents :

## O R D E R

AND NOW, this 21st day of November, 2022, the February 1, 2022, order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge